This is an appeal from revocation of probation in three cases of burglary in the second degree, grand larceny, and buying, receiving, concealing or aiding in concealing; for which appellant, an indigent, received three two-year sentences to run consecutively. After entering pleas of guilty to the charges against him, appellant was placed on probation for five years on May 19, 1977. *Page 330 
On May 15, 1978, the Circuit Court of Tuscaloosa County entered the following order:
 "It being made to appear to the Court that the probationer herein is delinquent as such, has violated the terms and conditions of probation, has absconded, has failed to make reports to probation officer, is reputed to have violated the criminal laws, has been idle and not gainfully employed, has been drinking intoxicating liquors and consorting with associates of bad repute and that a hearing should be had to determine whether probation herein should be revoked or other action taken by the Court. It is, therefore, the order and judgment of the Court and it is ordered and adjudged by the Court that probationer herein is delinquent as such, and that probationer be, and hereby is, declared delinquent and that the running of probationer's probationary period be and hereby is tolled and stopped and that capias and warrant forthwith issue for arrest of probationer and that when apprehended probationer be brought before the court for hearing for the determination of the truth of the charges made against probationer herein and what action should be taken by the court and whether probation herein should be revoked and order suspending sentence herein set aside.
"Done and ordered this 15 day of May, 1978."
On August 11, 1978, appellant's probation was revoked in one of his cases, following a hearing, and the trial court placed him on a new probationary period of five years with a special condition of probation being confinement for twelve months in the drug and alcoholic treatment center at Bryce Hospital. Appellant was discharged from Bryce on September 8, 1978.
On September 21, 1978, appellant's probation was revoked in all three cases following an abbreviated hearing at which no evidence was presented. Those proceedings are set out below in their entirety.
 "THE COURT: This is cases number 6441, 6442 and 6443. We have been working with Mr. Lovell Jenkins for some time now trying to get him to straighten out but our efforts have been to no avail. He was sent out to Bryce Hospital for the program out there and I have been advised by the authorities there that they couldn't do anything with him and that he has refused to co-operate and he has been given notice of this hearing, has he not?
 "MR. CHANDLER: Judge, we are aware of the charges listed on the report dated May 10, 1978.
 "THE COURT: Well, we are really at the end of the rope so to speak. I don't know of anything else to do other than go ahead and revoke him. Do you have anything to say?
 "MR. CHANDLER: Judge, he stands before you today charged with six charges mainly involving where he lived, where he didn't work, failure to pay supervision fees, failure to pay court costs and two offenses of public drunkenness that he got five days apiece for in Birmingham and Lovell of course if you don't work it is kind of hard to pay your court costs and supervision fees.
 "THE COURT: Well, we have been more than lenient with Lovell really. What do you say, Mr. D.A.?
 "MR. HUDSON: He seems to be able to make enough money to drink off of, Your Honor. I am not in any sense supporting the sole reason of failure to pay supervision fees. That is really the least of them although it is a valid charge for revocation, Your Honor, but I think his history is unequivocally one of being unable to co-operate at all with any of the authorities who are trying to help him. We have tried to give him as much of a break as we can. He wouldn't work with the probation officer. We tried to work him into the Bryce program out there and he wouldn't co-operate with them. The State can't think of anything else to do in the matter but revoke him.
 "THE COURT: I feel like I have no alternative rather than to revoke him, Mr. Chandler. Do you have anything to *Page 331 
say why your probation should not be revoked?
 "MR. JENKINS: Yes, sir, I believe my peoples have been on my side one hundred percent since I have been locked up and they recognize how much the fee is. I talked to Matilda today and she wanted to know how much the fee is and I believe she would be willing to pay it for me.
 "THE COURT: Well, this thing has been strung out long enough. It is the order, judgment and decree of the Court that the probation previously extended to you in case 6441-B, 6442-B, and 6443-B be and the same are hereby ordered revoked. I hope you go down and try to straighten up your life.
 "MR. CHANDLER: Your Honor, we would like to state for the record we have denied these charges and we continue to deny these charges and we would like to give notice of appeal at this time.
"THE COURT: All right.
 "MR. CHANDLER: And ask that he be allowed to appeal in forma pauperis because he is indigent and ask that we be allowed to represent him on that appeal.
"THE COURT: He has had notice of this hearing?
"MR. HUDSON: Yes, sir.
 "THE COURT: We really don't have much of a choice. I went way out on a limb to send him out to Bryces. He wouldn't co-operate with the people out there. We don't like to revoke probation but sometimes you don't have much choice. Well, that will be it, thank you, gentlemen.
"MR. CHANDLER: Thank you, Judge."
The trial court thereupon entered the following order:
 "September 21, 1978. The question of alleged misconduct of probationer Lovell Jenkins herein coming on to be heard in open Court on this date with probationer present at this hearing after the due notice thereof had been duly given to him and it being made to appear to the Court that said probationer has violated the terms and conditions of his probation herein since being placed on probation and is not being rehabilitated as hoped or contemplated by the law the Court is of the opinion that such probation should be revoked. It is therefore ordered and adjudged by the Court, and it is the order and judgment of the Court, that said probationer Lovell Jenkins has violated the terms and conditions of his probation and that the probation of probationer Lovell Jenkins herein be, and the same hereby is, revoked and that he serve his full sentence herein."
Appellant contends: (1) that there was no evidence to support the trial court's revocation of probation; (2) that no disclosure of the evidence against him was made to him; and (3) that the trial court failed to prepare a written statement as to the evidence relied on for revoking probation.
It well established that although a revocation of probation is not a criminal prosecution, the probationer must be afforded the minimum standards of due process. Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
Our Supreme Court in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), set out its interpretation of Morrissey andGagnon, supra. Those guidelines are:
 "1. Written notice to the probationer of the claimed violations of probation.
 "2. Disclosure to the probationer of evidence against him or her.
 "3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
 "4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
 "5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
 "6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a *Page 332 
revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
 "7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
 "8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
 "9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)." [Footnote omitted.]
A cursory glance at the record of the proceedings below is sufficient for a determination that they were wholly deficient under the aforementioned authorities. The State must submit enough substantive evidence to reasonably satisfy the trier of facts that a condition of probation was breached. Fiorella v.State, 40 Ala. App. 587, 121 So.2d 875, cert. denied, 270 Ala. 737, 121 So.2d 881 (1960); Hill v. State, Ala.Cr.App.,350 So.2d 716 (1977). Here there was no evidence at all except theprobation officer's report. It necessarily follows that appellant was denied the right to confront and cross-examine adverse witnesses, guideline four of Armstrong, supra. Additionally, as appellant contends, the trial court failed to set forth in a written statement the evidence relied on and the reasons for revoking probation as provided in guideline five ofArmstrong, supra.
The total failure of the trial court to follow the mandates of the above cited authorities leaves us no alternative but to reverse and remand this case for a new hearing.
REVERSED AND REMANDED.
All the Judges concur.