This is an appeal from revocation of probation. Appellant was indicted on a charge of murder in the first degree. At arraignment he pleaded not guilty. When his case was called for trial he withdrew his not guilty plea, waived a jury trial, and pleaded guilty to manslaughter in the first degree. He was sentenced to five years in the penitentiary. He made application for probation and the matter was referred to a probation officer of Jefferson County. The probation officer was directed to file his report on September 23, 1977.
The probation officer's report was filed on September 23, 1977, and upon consideration thereof appellant was placed on probation for a term of five years, pending good behavior.
On the fourth day of April, 1978, one of the judges of the Circuit Court of Jefferson County, on the recommendation of a probation officer, ordered the Clerk of the Circuit Court of that county to issue a writ of arrest for appellant and ordered that he be committed to the county jail pending further orders of the Court. On the tenth day of April, 1978, the Clerk issued a writ of arrest for appellant. On May 1, 1978, appellant was arrested and committed to the *Page 1264 
Jefferson County Jail. On June 6, 1978, appellant was released on a two thousand dollar bond pending a revocation hearing.
On October 20, 1978, after an abbreviated hearing at which no testimony was presented, appellant's probation was revoked. The trial judge set an appeal bond in the amount of five thousand dollars and appointed counsel to represent the appellant on appeal.
At the probation revocation hearing no testimony, either oral or written, was introduced against appellant. The District Attorney made an argument and there were two probation reports which were never introduced into evidence.
Appellant contends: (1) that there was no evidence to support the trial court's revocation of probation; (2) that no disclosure of the evidence against him was made to him; and (3) that the trial court failed to prepare a written statement as to the evidence relied on for revoking probation.
The Attorney General filed a memorandum in this court reciting that:
 "A review of the record reveals that the following guidelines set forth in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) were not adhered to:
 "1. No written notice was given to the probationer of the claimed violations of probation.
 "2. It does not appear that the evidence against probationer was disclosed to him prior to the hearing.
 "3. The only apparent evidence was the probation officer's report. It necessarily follows that appellant was denied the right to confront and cross-examine adverse witnesses.
 "4. There was no written statement by the judge as to the evidence relied on and reasons for revoking probation.
 "The State, because of the above enumerated deficiencies, declines to file a brief. The State respectfully requests that the case be remanded to the circuit court to conduct a hearing following the guidelines set forth in Armstrong v. State, supra."
We are in full accord with the position taken by the Attorney General. The total failure of the trial court to follow the mandates of Armstrong and the cases there cited leaves us no alternative but to reverse and remand this case for a new hearing.
Reversed and Remanded.
All the Judges concur.