This is an appeal from revocation of probation made and entered on June 26, 1979.
We cannot tell from this record what crime appellant was convicted of originally that led to him being placed on probation. No warrant or citation of delinquency was ever issued and served upon appellant. There was no report of the probation officer filed in this case. He was never served with notice of the charges against him.
The law is well settled that although a revocation of probation is not a criminal prosecution, the probationer must be afforded the minimum standards of due process. Morrissey v.Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.
Our Supreme Court in Armstrong v. State, 294 Ala. 100,312 So.2d 620, set forth its interpretation of Morrissey andGagnon, supra. Those guidelines are:
 "1. Written notice to the probationer of the claimed violations of probation.
 "2. Disclosure to the probationer of evidence against him or her.
 "3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
 "4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
 "5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
 "6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially *Page 1296 
preside over revocation of probation hearing.)
 "7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
 "8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
 "9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)." [Footnote omitted.]
A cursory reading of the record in this cause is sufficient for a determination that the proceedings in the court below were wholly deficient under the above cited authorities. Additionally, the trial court failed to set forth in a written statement the evidence relied on and the reasons for revoking probation as provided in guideline five of Armstrong, supra.
The failure of the trial court to follow the mandates of the above cited cases leaves us no alternative but to reverse and remand this case for a new hearing.
REVERSED AND REMANDED.
All the Judges concur.