This is an appeal from a revocation of probation. On May 9, 1975, the defendant was arraigned as a youthful offender and placed on probation for a period of three years. This probation was revoked on September 21, 1979, apparently for the defendant's failure to report.
Before probation may be revoked, the probationer must be afforded the minimum standards of due process. Morrissey v.Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973). Our Supreme Court set out its interpretation of theMorrissey and Gagnon guidelines in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Jenkins v. State, 368 So.2d 329
(Ala.Cr.App. 1979).
The record before this Court does not show that each and every guideline has been complied with. From this record we cannot tell with any degree of certainty whether the trial court failed to follow the mandate of Armstrong or whether the *Page 957 
record simply fails to show that the mandate was followed. For this reason we remand this cause to the Circuit Court of Madison County with directions that a hearing be held to determine whether or not the defendant was afforded minimum due process as defined in Armstrong. The trial judge is directed to make a written determination of whether and how each factor of Armstrong
has been satisfied. If the trial judge determines that the requirements of Armstrong have not been met, the defendant must be given a new probation revocation hearing. Austin v. State,375 So.2d 1295 (Ala.Cr.App. 1979).
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND