Probation revocation.
Appellant insists that she was denied due process prior to revocation of her probation. Appellant was placed on probation following six forgery convictions. On November 13, 1980, the judgment entry noted that the trial court was "advised that the defendant may have violated the conditions of probation." Appellant was arrested.
In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the Alabama Supreme Court established the following minimal due process requirements which must be met before probation may be revoked:
 "1. Written notice to the probationer of the claimed violations of probation.
 "2. Disclosure to the probationer of evidence against him or her.
 "3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
 "4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
 "5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
 "6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
 "7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
 "8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel. *Page 327 
 "9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. Firoella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)." (Footnote omitted.)
We find that requirements 1, 2, 4, 5 and 9 were not complied with in the instant case.
Appellant's attorney filed a "Notice of Appeal and Designation of Record" wherein he specifically requested "all the records, evidence, and proceedings had on such revocation hearing be transcribed, certified and transmitted to the Court of Criminal Appeals of Alabama." However, the record is silent as to any written notice to the appellant of the claimed violations of probation. In addition, there was no indication in the record that the State disclosed to the appellant the evidence against her.
There was no order of probation included in the record delineating the "conditions of probation" the trial judge originally determined should apply to this probationer. Section15-22-52, Alabama Code 1975, provides that the trial court must determine the conditions of probation and "may include" any or all of the conditions enumerated there. However, those conditions are not implied in every probation case. Any of those conditions the trial judge desires to impose must be incorporated in the written order granting probation. The probationer must be apprised of the specific conditions of probation and what conduct to refrain from. Therefore, the order of the trial judge revoking probation based on his finding "that the defendant had violated conditions of probation in that she FAILED TO AVOID INJURIOUS OR VICIOUS HABITS AND FAILED TO AVOID PLACES OR PERSONS OF DISREPUTABLE OR HARMFUL CHARACTER" is not supported by any showing that those grounds were ever conditions of her original probation.
Moreover, at the close of the hearing, the trial judge remarked:
 "I'm going to revoke your Probation, but I'm not doing it by saying you're guilty of robbery, don't get me wrong, because I tried to stay away from it in asking, because that is a very serious charge and on this, I didn't want to go into it any way, if I could help it, because that's another question, but I'm going to revoke your Probation and I don't have to state a reason, but I think both of you know why and so forth. I don't think I have to state why, I mean to you, I'm not talking about legally. I think ya'll know yourself why I would do it." (Emphasis added.)
Following this comment by the court, appellant's counsel requested that a reason be given for revoking appellant's probation, and the trial judge expounded:
 "THE COURT: I can give you offhand a reason and I'll make it joint, although I think with Rosemary, about drinking and whiskey, it was direct and even with Melisha being in a place — and the Court is going to take Judicial knowledge Marvin Hill's is [sic] a bootlegger, if ya'll want to contest it, I can show you 400 cases, everybody around here knows that he's a bootlegger and being there with two juveniles and with her sister drinking, whether she ever touched a drop or not does not go along with conditions of Probation.
 "MELISHA VANDIVER: When I got there, I called somebody to come and get me and pick me up to avoid the place. It was her car, I went with her and up until now, Mr. Davis can tell you my record is clean. I have done exactly what he asked me to do or try to do.
 "THE COURT: Well, as I say, basically that's the reason, just general conduct.
"MR. BEUOY: Thank you, Judge." (Emphasis added.)
The trial judge did not file a written statement explaining the "evidence relied on and reasons for revoking probation" as required by Armstrong until three months after appellant's notice of appeal and subsequent to the original deadline for filing the *Page 328 
transcript with this court. All these omissions combined to abrogate the modicum of due process protections which have been consistently recognized and required by this court and our supreme court.
The State introduced an unsigned and unauthenticated "Supervisor's Report on Delinquent Probationer" and then rested. The report was admitted into evidence over the appellant's timely and specific objection that it was hearsay evidence. The trial judge called a police officer who testified that he arrested an intoxicated Rosemary Miller who was linked in the supervisor's report to the appellant on the night of the alleged probation violation and whose probation revocation hearing was held jointly with appellant's. The officer stated that appellant was not in the car with Rosemary Miller when he arrested her, and he offered no evidence bearing on appellant's purported probation violation.
The court requested the State to call as a witness Marvin Hill, who the trial judge took "Judicial knowledge" as being a local bootlegger. Hill had purportedly given a statement to the probation officer in the previously introduced supervisor's report which placed appellant at his home and drinking on the night in question. Since the State called neither the probation officer who wrote the supervisor's report nor the police officer who gave a statement appearing in the report, Hill was the only witness "called" by the State in appellant's case who was available for cross-examination.
Hill testified that appellant was present at his home with Rosemary Miller and two juveniles and, while the others drank vodka, the appellant did not take a drink. He pointed out that he had known the appellant most of her life and was a family friend. Thus the evidence only established that appellant spent part of one evening sitting at a table with three imbibing friends at the home of a family friend. This was an insufficient ground for revoking appellant's probation, especially in light of the absence of the introduction of any conditions of probation.
It was up to the State to submit enough substantive evidence to reasonably satisfy the trier of fact that a condition of probation was breached. Jenkins v. State, 368 So.2d 329
(Ala.Cr.App. 1979); Hill v. State, 350 So.2d 716 (Ala.Cr.App. 1977). The State failed to produce enough substantive evidence at the probationary hearing, and the minimal due process guidelines established by the supreme court in Armstrong were not met. Therefore, this case is due to be reversed.
REVERSED AND REMANDED.
All the Judges concur.