This is an appeal from an order of the Circuit Court revoking the appellant's probation. The Attorney General, the appellee, has declined to file a brief "on the basis that the learned trial judge did not make a *Page 56 
written statement as to the evidence relied on and the reasons for revoking Appellant's probation as required by the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975) in the interpretation of Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)."
Our review shows that the requirements of Armstrong, supra, have not been satisfied. In revoking probation, a trial judgemust make a written statement as to the evidence relied on and the reasons for revoking probation. Armstrong, 294 Ala. at 103,312 So.2d 620. See also Carter v. State, 389 So.2d 601
(Ala.Cr.App. 1980); Borst v. State, 377 So.2d 3 (Ala.Cr.App. 1979); Austin v. State, 375 So.2d 1295 (Ala.Cr.App. 1979);Levert v. State, 373 So.2d 1263 (Ala.Cr.App. 1979); Jenkins v.State, 368 So.2d 329 (Ala.Cr.App. 1979).
The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.