BOOKOUT, Judge.
Probation revocation.
On October 3, 1978, appellant was placed on two years’ probation after having pled guilty to forgery. On June 18, 1980, the judgment entry reflected “that the defendant has probably violated the terms of her probation.” The trial court issued a warrant for her arrest which was executed on May 9, 1981. Between the time of the issuance of the warrant and her arrest, appellant was arrested on and found guilty of three Birmingham city ordinance violations. A probation revocation hearing commenced on May 22, 1981, but was continued without taking evidence to June 5, 1981, when an evidentiary hearing was held.
I
Appellant contends that she was not given adequate written notice of the claimed probation violation.
The record reflects that on May 22, 1981, appellant signed a probation violation notification form which indicated that appellant had failed to report to her probation officer as required under the terms of her probation. In revoking appellant’s probation, the trial court expressly found this violation to be sufficient to support revocation of probation. Thus, as to this probation violation, appellant had adequate notice. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1976).
II
Appellant additionally contends that she was not given adequate written notice that three city ordinance convictions would be considered as additional grounds for revoking her probation.
At appellant’s initial hearing on May 22,1981, vague references were made to the above city convictions. One in particular was mentioned, but no written notice of the claimed probation violations was given to appellant. The record contains duplicate written notice dated June 4, 1981, one day before appellant’s evidentiary hearing, listing one of the convictions as grounds for revocation. However, the listed conviction was not the same as that mentioned at *1003 appellant’s initial hearing. The notices were not signed by the appellant. In addition, there was no indication in the record that the evidence concerning any of the three convictions was disclosed to the appellant prior to her June 5 evidentiary hearing.
It is clear that the appellant was not given written notice of the above claimed violations. Furthermore, no disclosure of the evidence against her to support revocation based upon the convictions was made. Thus, until the evidentiary hearing, appellant could only speculate as to the claimed violations and evidence against her.
It is clear that requirements 1 and 2 of Armstrong, supra, were not fulfilled. Such constitutes reversible error. Levert v. State, 373 So.2d 1263 (Ala.Cr.App.1979). See also Vandiver v. State, 401 So.2d 326 (Ala.Cr.App.1981). It is therefore unnecessary to review the appellant’s other ground for error.
REVERSED AND REMANDED.
All the Judges concur.