Appellant, Vernon James King, was convicted of possession of a pistol after conviction *Page 368 
of a crime of violence, possession of codeine, possession of marijuana, and escape in the third degree. He was placed on probation. He was subsequently charged with receiving and concealing stolen property. The trial judge, after a hearing, issued an order revoking King's probation. This is an appeal from the revocation order.
King raises three issues on appeal, but we reach only one. He contends that his probation revocation must be reversed because the trial judge did not make a written statement as to the evidence relied on and the reasons for revoking probation, as required in Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975).
A search of the record reveals that the trial judge did, in fact, fail to prepare a written statement of his findings. In revoking probation, the trial judge must make a written statement as to his findings. Taylor v. State, 405 So.2d 55
(Ala.Cr.App. 1981); Borst v. State, 377 So.2d 3 (Ala.Cr.App. 1979).
The order of the lower court is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.