Appellant Daryl Joiner was convicted of third degree burglary and placed on probation. On December 27, 1983, he was arrested and charged with theft in the second *Page 1049 
degree and unlawfully entering a motor vehicle.
On February 3, 1984, a motion to revoke his probation was filed by the State. A hearing was held on February 3, 1984, at the conclusion of which, the motion to revoke probation was granted. A transcript of that hearing is before this court.
Only one issue is raised on appeal. Appellant claims that his right to minimal due process was denied when the trial court "failed to file a written statement or finding of facts setting out the evidence relied upon and the reasons for revoking parole". In the case of Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), the Alabama Supreme Court, adopting the requirements found in Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set out the minimum due process standards that must be met before probation can be revoked.
Requirement No. 8 mandates that the probationer be accorded "a written statement by the judge as to the evidence relied on and reasons for revoking probation".
We cannot agree with the State that a transcript of the testimony given in a revocation hearing satisfies this requirement. This court has stated that the lower court's written statement enumerating the evidence relied on and the reasons for parole revocation "relates to a matter of substance and not mere form". Carter v. State, 389 So.2d 601
(Ala.Crim.App. 1980). We thus find that due process requires that the probationer be informed of what evidence presented at his hearing has been relied on by the trial court in revoking probation. See Taylor v. State, 405 So.2d 55 (Ala.Crim.App. 1981); Austin v. State, 375 So.2d 1295 (Ala.Crim.App. 1979).
As we have said before, "In revoking probation a trial judgemust make a written statement as to the evidence relied on and the reasons for revoking probation." (Emphasis in original)Taylor, supra.
We conclude that the judgment of the lower court must be reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.