456 So.2d 1149 (1984)
Johnny JONES
v.
STATE.
1 Div. 834.
Court of Criminal Appeals of Alabama.
August 14, 1984.
On Return to Remand October 9, 1984.
John Bertolotti, Jr., Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
This is an appeal from a revocation of probation.
After a revocation hearing at which the probationer was represented by counsel, probation was revoked. The evidence reveals that, while on probation from a conviction for Robbery III, the probationer stole some cigarettes from a Seven-Eleven Store.
During the revocation hearing, the trial judge stated that he was not going to revoke on the ground that the probationer failed to pay his supervision fees. However, in his written order of revocation, the trial judge found that the probationer "failed to abide by the terms and conditions of probation by failing to pay supervision fees" and "by committing a theft of assorted cigarettes from the Seven-Eleven Store located at 2311 St. Stephens Road on November 18, 1983."
The written order merely states these findings and then states that probation is revoked. There is no specific statement of the evidence relied upon for revoking probation. From the order, it does appear that probation was revoked because of the failure to pay the supervision fees and the commission of the theft, although this conflicts with what the judge stated at the revocation hearing.
Under Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), as interpreted in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), minimal due process requires that before probation can be revoked the probationer must be given "[a] written statement by the judge as to the evidence relied on and reasons for revoking probation." The record shows that the judge's order does not satisfy this requirement. Jenkins v. State, 368 So.2d 329 (Ala.Cr.App.1979).
Because the error is only in the judge's order and not in any of the other proceedings or the revocation hearing itself, this cause is remanded with directions that the judge satisfy the deficiency of his written order of revocation, and that he clarify the apparent conflict between the present order and his statement that he would not revoke probation for the probationer's failure to pay. In this regard, see Crutcher v. State, 439 So.2d 725 (Ala.Cr.App.1983).
REMANDED WITH DIRECTIONS.
All Judges concur.

*1150 ON RETURN TO REMAND
BOWEN, Presiding Judge.
In response to our directions remanding this cause so that the circuit court judge could clarify his order revoking probation, that judge issued a written order containing a specific statement of the evidence relied upon for revoking probation. He also stated that "the revocation of probation is not based upon the probationer's failure to pay said fees, in that no evidence of ability to pay or of bad faith failure to pay was adduced, and that revocation in this case is based solely upon the probationer's commission of theft as above stated." The judge's order is in full compliance with Armstrong, supra.
The judgment of the circuit court revoking probation is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.