McMILLAN, Judge.
From the order of the trial court revoking appellant’s probation, this appeal follows. Since the trial court failed to follow the guidelines of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), said order revoking probation is hereby reversed and the cause is remanded to the trial court for a proper hearing under the Armstrong requirements.
On August 14, 1984, appellant was served with a motion notifying him of intent to revoke his probation based upon a guilty plea entered to the charge of third degree assault. On August 28, 1984, Honorable John Bertolotti, Jr., attorney-at-law was appointed to represent the appellant at the hearing on the motion to revoke probation, which was scheduled for that day. Although the notice indicated that the events which constituted the reason for appellant’s revocation of probation occurred on August 8, 1984, testimony presented at the hearing concerned certain events which occurred on another date and at another location. Defense counsel immediately objected that adequate notice of the grounds for revocation had not been given, and the trial court overruled the defense objection. Defense counsel additionally objected to testimony from the complaining witness which indicated that there were two other witnesses who were present at the time. Since insufficient time had been allowed for the possible subpoenaing of thesé witnesses, defense counsel again objected, and the objection was denied by the trial court. At the end of the hearing, appellant’s probation was revoked.
On appeal, appellant asserts that he was not given adequate notice or disclosure under the minimal due process requirements as set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). From the record on appeal, it is apparent that the appellant, as he states in his brief, was “unable to tell from the motion to revoke which incident and what facts were to be used against him.” Here, as in Smith v. State, 409 So.2d 1002 (Ala.Cr.App.1982), appellant was uninformed as to the nature and extent of the charges made against him and the defense which he would be able to prepare. Thus, as in Smith, we are required to reverse and remand this case to the trial court for a hearing which will conform to the mandate of Armstrong. Additionally, the State has declined to file a brief, based upon its examination of “the record in this cause and based on the case of Armstrong v. State, 312 So.2d 620 (Ala.Cr.App.1975).”
For the reasons outlined above, the judgment is due to be reversed and the case remanded for a proper hearing.
REVERSED AND REMANDED.
All the Judges concur.