477 So.2d 520 (1985)
Raymond MATHIS
v.
STATE.
4 Div. 456.
Court of Criminal Appeals of Alabama.
July 23, 1985.
On Rehearing to Remand October 8, 1985.
Mac Borland, Jr., Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and J. Elizabeth Kellum, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Appellant, Raymond Mathis, was granted youthful offender treatment and pleaded guilty to a second degree assault charge on May 31, 1983. Appellant was sentenced to two years in prison, which was later suspended, *521 and he was placed on two years' probation. Subsequently appellant was charged with violation of probation, and a probation revocation hearing was held on February 11, 1985.
The State introduced the testimony of Mr. Doug Robertson, assistant manager of Shenanigan's, Ramada Inn. Mr. Robertson testified that he and Mr. John Hill had "staked out" the liquor room of the establishment and observed appellant take a case of bottles from the room and place them in the trunk of his car, and he repeated this act approximately 30 minutes later. The police were summoned and when the trunk was opened, Mr. Robertson identified twenty bottles of liquor, valued at approximately $300, as belonging to Shenanigan's and as having been taken without permission.
Appellant took the stand in his own defense, and denied any participation in the liquor theft. The defense then called Mr. John Hill, general manager of Shenanigan's, who testified that he was with Mr. Robertson during the "stake out," but that he did not actually see appellant place any cases of liquor in the car the night police were called. On cross-examination Mr. Hill testified that he observed appellant take "a box out and had several bottles in it the night before." Mr. Hill also stated that Mr. Robertson was in a better position to observe the theft. Mr. Hill was positioned at a higher level and could not view the scene as clearly as Mr. Robertson.
Based on this evidence, the trial court revoked appellant's probation. This appeal follows. The State has declined to file a brief or otherwise contest the matters raised by appellant.
Appellant first contends that the trial judge abused his discretion by revoking probation prior to the grand jury's having had the opportunity to review the charges lodged against him. The grand jury returned a "no bill" on the alleged liquor theft. The fact that a "no bill" was returned by the grand jury is, of itself, not dispositive of these proceedings. In a probation revocation hearing the trial judge need only be "reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); see also Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875, cert. denied, 270 Ala. 737, 121 So.2d 881 (1960); Hill v. State, 350 So.2d 716 (Ala.Crim.App.1977). Most recently, in Mitchell v. State, 462 So.2d 740 (Ala.Crim.App.1984) we noted that it "is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence."
In the case at bar there was clearly sufficient legal evidence from which the trial judge could conclude that appellant violated the terms of his probation by committing a new crime. We find no abuse of discretion in the trial court's ruling.
Appellant next contends that the trial court failed to comply with minimum standards of due process in failing to make a written statement of the evidence relied upon, and the reasons for revocation of appellant's probation. We have previously stated, "In revoking probation a trial judge must make a written statement as to the evidence relied on and the reasons for revoking probation." Taylor v. State, 405 So.2d 55, 56 (Ala.Crim.App.1981), and cases cited therein; see also Joiner v. State, 454 So.2d 1048 (Ala.Crim.App.1984); King v. State, 451 So.2d 367 (Ala.Crim.App.1984). Our review of the record reveals that the trial court failed to prepare a written statement of the evidence relied upon in revoking appellant's probation. We therefore remand this case to the trial court with directions to comply with the standards set out in the above cited authorities; more particularly, to make a written statement of the evidence relied upon and the reasons for revocation of probation. See Harden v. State, 396 So.2d 1076 (Ala.Crim.App.1980). Upon completion of this statement, it is directed that the circuit court file with this court, as a supplemental record, said statement.
REMANDED WITH DIRECTIONS.
All Judges concur.

*522 On Return to Remand

PATTERSON, Judge.
On Return to Remand the trial judge properly prepared a written statement of the evidence relied upon in revoking appellant's probation, thus satisfying the dictates of Taylor v. State, 405 So.2d 55 (Ala.Crim.App.1981).
In the Return to Remand the trial judge has properly stated the evidence he relied upon as follows:
"Doug Robertson, an employee of the lounge at Ramada Inn, testified that on December 5, 1985, a theft of liquor occurred from the liquor room at said lounge (Shenanigan's). Right after the theft occurred, Robertson saw the stolen liquor (or part of it) in defendant's car, in defendant's presence. Robertson had actually seen defendant place a part of the liquor into the car. Also, in a statement to the police after his arrest, defendant admitted picking the lock on the liquor room door before the theft took place.
"Based upon the above and foregoing, the Court finds that the defendant Raymond Mathis has committed a new offense of Theft of Property. His probation is therefore revoked, and he is ordered delivered to the proper authorities for execution of sentence."
The judgment of conviction and sentence are proper, and therefore are due to be, and are hereby, affirmed.
AFFIRMED.
All Judges concur.