477 So.2d 506 (1985)
Leslie Wayne CRYAR
v.
STATE.
8 Div. 265.
Court of Criminal Appeals of Alabama.
May 14, 1985.
On Return to Remand October 8, 1985.
*507 Tameria S. Driskill of Baker & Driskill, Guntersville, for appellant.
Charles A. Graddick, Atty. Gen., and Tommie Wilson, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
This is an appeal from a revocation of probation. In December of 1982, Leslie Wayne Cryar pled guilty as a youthful offender to the possession of burglar tools and was placed on two years' probation. In November of 1984, that probation was revoked after the circuit court found that, since being placed on probation, Cryar had committed several crimes.
On appeal, Cryar contends that there was no written statement by the trial judge as to the evidence relied on and the reasons for revoking probation.
The Probation Officer's complaint charged Cryar with DUI, reckless endangerment, possession of marijuana, speeding and criminal mischief. A hearing was held and the State's only witness was the probation officer, who testified that while on probation Cryar committed and was convicted of criminal mischief, possession of marijuana, DUI, driving while license revoked, and speeding. A certified copy of each conviction was introduced into evidence. Cryar presented no defense.
The judge's order revoking probation stated in pertinent part: "[T]he Court having heard the evidence on behalf of the State of Alabama and having heard the evidence submitted by the defendant, and it appearing to the Court that defendant is represented by counsel and that the defendant's rights at said hearing have been protected, and the Court finding that the defendant has violated the terms and conditions of his probation by committing several crimes and that the allegations in the Probation Officer's complaint are true and all the matters herein being fully understood; it is CONSIDERED, ORDERED, ADJUDGED AND DECREED ... [t]hat the order of probation ... is ... revoked."
The judge's order revoking probation does not contain a written statement by the judge as to the evidence relied on as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). This cause is remanded with directions that the judge satisfy the deficiency of his written order of revocation. Jones v. State, 456 So.2d 1149 (Ala.Cr.App.1984).
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
The return to remand shows that the circuit court has fully complied with the instruction of this Court and with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The judgment of the circuit court revoking Cryar's probation is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.