McMILLAN, Judge.
From an order dated January 17, 1985, revoking the appellant’s probation, this appeal follows. For the reasons outlined below, we reverse and remand for failure to follow the guidelines as set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
On October 10, 1984, the appellant was sentenced to twelve months in the Franklin County Jail for the offense of leaving the scene of an accident. Said sentence was suspended, and the appellant was placed on probation for eighteen months. After the trial court was initially advised that the appellant had violated the terms of his probation, a hearing was held on December 20, 1984. As a result of this hearing, the trial court entered an order partially revoking the appellant’s probation by requiring that *87 he serve four months of his sentence in the Franklin County Jail and the remaining eight months would be served on probation. No appeal from this order dated December 21, 1984, was taken.
On January 14, 1985, however, the trial court was informed that the appellant, was found intoxicated while at the Franklin County Jail on work release. On January 17,1985, a hearing was held on the charges and the trial court withdrew its earlier order dated December 21, 1984. Based on the testimony presented at this hearing, as well as at the December hearing, the trial court entered a new order which revoked appellant’s probation and ordered that his twelve-month sentence be executed. It is from the January 17, 1985, hearing and order that this appeal follows.
Appellant presents one issue for this court to consider: “whether due process was accorded to probationer before probation was revoked.” Appellant cites the case of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), for the due process guidelines, which provide, in part, as follows:
1. Written notice to the probationer of the claimed violations of probation.
2. Disclosure to the probationer of evidence against him or her.
3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
5. A written statement by the judge as to the evidence relied on and reasons for revoking probation. 294 Ala. at 102, 103, 312 So.2d at 622, 623.
In the present case, it is apparent from a review of the record that the appellant was not given written notice of the claimed violations against him, nor was disclosure made to him of the evidence which would be used against him. Additionally, the order entered by the trial court on January 17, 1985, does not satisfy the Armstrong “written statement” requirement, since it fails to set out the “evidence relied on and reasons for revoking probation.”
Since the State, in its brief, makes no response to the argument that written notice and proper disclosure was not given to the appellant, we must assume that the State has conceded that these arguments have merit. The only response made by the State in its brief is the argument that reference to the transcript of the December 20, 1985, probation hearing would be sufficient to show the “evidence relied on and reason for revoking probation.” This appeal, however, is from the January 1985 hearing and the record on appeal does not contain a transcript of the December 20, 1985, hearing. Apparently, the State wishes to argue that any evidence, as set out in the transcript, would satisfy the Armstrong “written statement” requirement. This court, however, in Joiner v. State, 454 So.2d 1048 (Ala.Cr.App.1984), concluded that mere reference to the transcript of the testimony given in a probation revocation hearing would not satisfy the “written statement” requirement. Id. at 1049.
In the present case, it is apparent that the appellant was not afforded the minimum due process protection mandated by Armstrong. Thus, this court is left with “no alternative but to reverse and remand this case for a new hearing.” Levert v. State, 373 So.2d 1263, 1264 (Ala.Cr.App.1979); Austin v. State, 375 So.2d 1295, 1296 (Ala.Cr.App.1979).
REVERSED AND REMANDED.
All the Judges concur.