Appellant was convicted for the offense of assault in the second degree in violation of § 13A-6-21, Code of Alabama 1975, and sentenced to four years in the state penitentiary. Appellant was granted probation and ordered to pay restitution and costs. After a hearing held on June 20, 1985, the trial court revoked the appellant's probation. It is from the order of revocation of appellant's probation that this appeal follows.
The State of Alabama has declined to file a brief in this case and, instead, has filed a "Motion for Remandment" which states, in part, as follows:
 "Pursuant to Hill v. State, 350 So.2d 716
(Ala.Cr.App. 1977), and Armstrong v. State [294 Ala. 100], 312 So.2d 620 (Ala. 1975), the appellee declines to file a brief and the case should be remanded for failure of trial court to provide a written statement as to the evidence relied upon for revocation of the probation." *Page 787 
After our review of the record, it would appear that the State of Alabama's recommendation is appropriate.
It is apparent that the trial court failed to make a "written statement" of the evidence relied on and the reasons for revoking the appellant's probation, as required under the authority of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). For this reason, this case is remanded with directions that the probation revocation requirements, as established inArmstrong, be satisfied. Nance v. State, 453 So.2d 761
(Ala.Cr.App. 1984); King v. State, 451 So.2d 367 (Ala.Cr.App. 1984).
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND