LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment revoking probation that had been granted appellant in a case in which he had pleaded guilty to an indictment charging him with rape in violation of the Alabama Criminal Code, § 13A-6-61, on defendant’s guilty plea and sentenced to imprisonment for ten years, as to which the court ordered that the defendant serve one (1) year in the Madison County Jail and that the remaining nine (9) years be served on probation.
By the first issue presented by counsel for appellant, the contention is made that the trial court did not afford this appellant “due process of law when it revoked the Appellant’s probation on special conditions of probation which were not included in the written Orders of the Court and were only outlined in alleged violations.” In support of the issue, appellant’s attorney relies upon what was held by the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), in accordance with the guidelines set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The record before us discloses that the four-page order of probation contained among the “general and special conditions of probation” printed therein the provision “Report to the Probation Officer as directed.” It is clear from the court reporter’s transcript of the probation revocation hearing that the probationer, through his attorney, raised the issue now raised, as shown by the following statement of the probationer’s attorney, who continues to represent him on this appeal:
“Your Honor, at this time I would like to make a motion to dismiss that I previously filed with the Court and bring that to the Court’s attention, the fact that, number one, he’s charged with violation of the special condition of probation from the order dated January the 13th, 1983, as stated in my motion. And reading the order dated on the 24th of August, 1983, it appears from the written order from the Court that there were no special conditions of probation that were outlined in that Order as outlined in my motion and in the order that’s a part of the Court file, and I would just like to make the Court aware of the position that we have in accordance with the recorded documents in the Court file itself.”
We now set forth the immediate response by the trial judge to the statement made by probationer’s attorney:
“THE COURT: Well, now, Mr. Conwell, I somewhat resent that motion because, as you well know, on August 19th of 1983, we held a conference in my chambers: you were present; I was present; Mr. T.C. Bill [the probation officer] was present; Lt. Alton Hovis was present, the warden of the Madison County Jail; your client was there; my bailiff was there; and the purpose of that conference was to discuss in detail all of the conditions of the probationer’s sentence, and they were outlined carefully and — ”
The dialogue between the trial judge and probationer’s attorney, in which the State's attorney joined, continued as follows:
“MR. CONWELL: Your Honor, my only position is that those — I’m not denying that there was a hearing on that day. All I’m saying is there’s not a written order, that’s all I’m saying. I can’t testify—
“THE COURT: That’s a clerical oversight, Mr. Conwell. You were present and those conditions were discussed in your presence, were they not?
“MR. CONWELL: Your Honor, I can’t testify in the case and I will not.
“THE COURT: I’m not asking you to testify, I’m asking you to tell me as an officer of the Court whether you were present on that date.
“MR. CONWELL: I was present on that date, Your Honor, I just—
*567 “THE COURT: And we discussed the special conditions.
“MR. CONWELL: I’m just making the motion directly from the court file and nothing else, no other ramifications. I’m not saying what was said on that date, and I’m not saying what was not said on that date.
“THE COURT: All right.
“MR. CONWELL: I’m just going direct from what the court file says.
“MR. HOOPER [State’s attorney]: Judge, the State would like to offer evidence as to what actually took place on that day.
“THE COURT: All right, sir, if you would, go ahead and do that.
“MR. HOOPER: Okay, the State would call Mr. T.C. Bill [the probation officer.].”
The probation officer, Mr. Bill, testified at length, for more than thirty pages of the transcript, as to his dealings with the probationer, as to many directions he gave the probationer and as to the oral directions that the trial judge gave the probationer at the time of the hearing that resulted in the order placing Fletcher on probation. Furthermore, the record before us contains a typed two-page “DELINQUENT CHARGE OR CHARGES” signed by Probation Officer T.C. Bill setting forth in detail circumstances of the delinquent charge or charges, and an order of the trial court setting the date for the hearing of the charges, a motion by defendant’s attorney for a continuance of the first setting and the trial court’s ruling granting the defendant’s motion for a continuance. We determine appellant’s first issue against appellant and hold that appellant was not denied due process of law and that the action of the trial court in the instant case was not at variance with what was held by the Alabama Supreme Court in Armstrong v. State, supra, or any other authority cited in brief of counsel for appellant.
The second issue presented by appellant is thus stated in the brief of counsel for appellant:
“Whether the Appellant was apprised of the conditions of his probation by the written Order of the Court wherein violation of said conditions would result in revocation.”
In the brief of counsel for appellant, the same argument as to the appellant’s second issue is consolidated with the argument as to the first issue under the caption “ARGUMENTS I AND II.” We conclude, as we did as to the first issue of appellant, that appellant’s second issue should be determined adversely to appellant.
The third issue presented by appellant is thus captioned in brief of his counsel:
“Whether or not enough substantive evidence of the violation of a condition of probation [was] presented to the Court to reasonably satisfy the Court that a condition of probation was breached.”
We continue to hold as we did in the cases relied upon by appellant, Jenkins v. State, 368 So.2d 329 (Ala.Cr.App.1979), and Vandiver v. State, 401 So.2d 326 (Ala.Cr.App.1981), that the law requires “the State to submit enough substantive evidence to reasonably satisfy the trier of fact that a condition of probation was breached.” We are of the opinion that enough substantive evidence to reasonably satisfy the trial judge that a condition of probation was breached was presented at the probation revocation hearing in the instant case. Notwithstanding any favorable response by this Court to the mitigating circumstances shown by the testimony of some of the witnesses for the probationer, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.