This is an appeal from a revocation of probation.
The appellant pleaded guilty in the Circuit Court of Mobile County to fraudulent use of a credit card and possession of cocaine. He was sentenced on each charge to 10 years' imprisonment, split with six months to be served and the balance suspended on five years' good behavior, with the sentences to run concurrently. He also was ordered to pay $50.00 to the Crime Victims Compensation Fund and to pay court costs. The appellant subsequently was arrested for possession of cocaine. His probation officer filed a delinquency report in the two cases based on possession of cocaine, failure to pay fees, possession of a firearm, and associating with persons with a criminal record. After a hearing, the trial court revoked the appellant's probation.
 I.
The appellant contends that the State failed to prove the probation contract. However, there was no objection in the *Page 20 
record to the trial judge's statement that he would judicially note the contents of the appellant's file, including the order of probation. There must be a timely and specific objection at trial to allow the trial court to rule on the issue. Without such an objection, the issue was not preserved for review by this Court.
We note that the appellant cites Vandiver v. State,401 So.2d 326 (Ala. 1981), to support his argument that the State was required to introduce and prove the document. However, Vandiver
differs from this case because the relevant probation order inVandiver was not included in the record on appeal, making it impossible to determine whether the grounds on which probation were revoked were ever conditions of the original probation. In the instant case the record contained a copy of the probation order, so that a proper objection was required to preserve the issue.
 II.
The appellant contends that the State failed to prove the appellant's agreement to the terms of probation. By accepting the conditions of probation as tendered in the circuit court following the initial probation hearing, the appellant must be bound by its terms. Markley v. State, 507 So.2d 1043, 1050
(Ala. 1987). The appellant did not object to the trial court's judicially noting the order of probation. Failure to show agreement to probation terms was not among the several grounds of his motion to dismiss. Therefore, the appellant did not preserve the issue for review.
 III.
The appellant argues that the trial court erred in failing to file a written statement as to the evidence relied on and its reasons for revoking probation, in violation of the holding inArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Although the record fails to contain a written statement of the evidence which the trial court relied on and his reasons for revoking probation, a technical compliance with Armstrong v.State, supra, may not be required if a reviewing court from the record of the case can discern the reasons evidenced for the trial court's decision. Harris v. State, 549 So.2d 520, 523
(Ala.Cr.App. 1989).
 "Although this order does not technically comply with the criteria of Armstrong, the record does satisfy the due process requirements that Armstrong
was intended to protect. An inadequate report may be supplemented and cured by a sufficient record.
 "Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written report — facilitating appellate review and preventing repeated revocations for the same conduct — can still be achieved irrespective of the lack of an adequate report by the decisionmaker. " 'The record before this Court contains a complete transcript of the revocation hearing. The judge's order, considered in the context of the record, makes clear the evidence he relied on and the reasons for revoking probation. Obviously, he believed the testimony of [the State's chief witness] regarding the assault and the evidence concerning the DUI conviction. A remand of this case for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled.' "
Harris v. State, supra, at 523, quoting Salter v. State,470 So.2d 1360, 1362-63 (Ala.Cr.App. 1985) (emphasis supplied.)
In the present case, the record includes the trial court's order, which stated:
 "Charge No. 1 — New Offense — Possession of Cocaine as outlined in the Delinquency Report dated 12-6-89. Charge No. 2 — Failure to pay monthly supervision fees as outlined in the Delinquency Report dated 12-6-89. Charge No. 3 — Violation of Probation — Possession of a firearm as outlined in the Delinquency *Page 21 
Report Dated 12-6-89. Charge No. 4 — Violation of Probation — Associating with persons having a criminal record or bad reputation as outlined in the Delinquency Report dated 12-6-89."
The record further includes the supervisor's report on the delinquent probationer, which contains the following information pertinent to the charges:
"CHARGE NO. 1
"NEW OFFENSE — POSSESSION OF COCAINE
"LEGAL FACTS:
 "Frederick Carl Stanley was arrested on December 1, 1989, by the Mobile County Sheriff's Department Drug Task Force for the offense of Possession of Cocaine. Bond was set at one thousand dollars ($1,000.00). Preliminary Hearing is scheduled for Friday, December 8, 1989. The probation officer's authorization of arrest was issued on December 5, 1989.
"DETAILS:
 "The Sheriff's Department Drug Task Force reports reflect that at 8:40 p.m. on December 1, 1989, a search warrant by deputies Bruce Lee and Hill was executed at the residence of Frederick Carl Stanley at 566 1/2 Patton Avenue, Mobile, Alabama.
 "During the execution of this search warrant at the above location, an undisclosed amount of Crack/Cocaine was seized. Numerous drug paraphernalia items were also found including a Crack screen, push wire, and razor blades. Frederick Carl Stanley was in the house during the search warrant and was subsequently arrested and charged with Possession of Cocaine.
"CHARGE NO. 2
"FAILURE TO PAY MONTHLY SUPERVISION FEES
"LEGAL FACTS
 "Stanley has only paid supervision fees for three months since being placed on probation. An authorization of arrest of a probation violator was filed with the Mobile County Sheriff's Department on December 5, 1989.
"DETAILS:
 "At the time Frederick Carl Stanley was placed on probation on December 2, 1988, the court ordered that he pay the $20.00 per month supervision fee. He was fully instructed on all conditions of probation, including Act 86-704 (supervision fees) by Probation Officer Caver. Subject signed a supervision fee letter and was given a copy. As of the date of this report, Stanley owes a total of one hundred and sixty dollars ($160.00) in arrear [sic] fees for the months of February, April, June, July, August, September, November, and December, 1989.
"CHARGE NO. 3
"VIOLATION OF PROBATION — POSSESSION OF A FIREARM
"LEGAL FACTS:
 "On December 1, 1989, a search warrant was executed at the residence of Frederick Carl Stanley 566 1/2 Patton Avenue, Mobile, Alabama. During the execution of this search warrant, an Astra pistol, serial number: 15731 was discovered under the couch in the same room as Frederick Carl Stanley was occupying. An authorization of arrest of a probation violator was filed with the Mobile County Sheriff's Department on December 5, 1989.
"DETAILS:
 "At the time Frederick Carl Stanley was placed on probation on December 2, 1988, he was fully instructed on the conditions of probation. Stanley was instructed by Probation Officer Rosalind Caver of a condition of probation involving firearms. Stanley was instructed that he could not own, possess, or have in his control, firearms of any description and a form with this rule was signed by Stanley and a copy given to him.
"CHARGE NO. 4
 "VIOLATION OF PROBATION — ASSOCIATING WITH PERSONS HAVING A CRIMINAL RECORD OR BAD REPUTATION
"LEGAL FACTS:
 "On December 1, 1989, a search warrant was executed at 566 1/2 Patton Avenue, Mobile, Alabama, which is the home of Frederick Carl Stanley. *Page 22 
 "During the execution of this warrant, a black female subject known as Jolyndia McClinton was also an occupant at this residence. Ms. McClinton is currently on probation in Mobile County, Alabama. An authorization of arrest of a probation violator was filed with the Mobile County Sheriff's Department on December 5, 1989.
"DETAILS:
 "At the time Mr. Stanley was placed on probation on December 2, 1988, he was fully instructed on the conditions of probation. During his instruction by Ms. Rosalind Caver, he was advised that he must not associate with any persons having a criminal record or who is otherwise of bad reputation. Frederick Carl Stanley denoted agreement with these conditions of probation and signified by his signature to which he was also given a copy [sic].
 "It was learned through the Mobile County Sheriff's Department Drug Task Force report that Jolyndia McClinton was an occupant in the house at 566 1/2 Patton Avenue and Ms. McClinton is currently on probation in Mobile County, Alabama."
The transcript of the probation revocation hearing is also included in the record. During that hearing, Bruce Lee, of the Mobile County Sheriff's Department, testified that he executed a search warrant, pursuant to which "a fairly substantial amount of cocaine was seized." The witness testified that the appellant was present with a female, who was also on probation, and that a weapon was found along with part of the crack cocaine. He further testified that the county had returned an indictment against the appellant. Gregory Hughes, a state probation and parole officer, testified that the appellant was his probationer. He testified that the appellant failed to pay monthly supervision fees and that he reported for the months of October and November, but failed to report as required thereafter, as he was arrested in December. The appellant did not testify at the hearing. Thereafter, the trial court issued an order revoking the appellant's probation "after hearing the evidence."
In light of the record presented, the evidence relied on and the reasons for revoking probation are clear. The trial court believed the testimony concerning the appellant's commission of the offense of possession of cocaine and possession of a firearm. The trial court also believed the testimony concerning the appellant's associating with the female who had a prior conviction. The trial court further believed the evidence presented on the appellant's failure to pay the monthly supervision fees. "A remand of this cause for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled." Salter v.State, supra, at 1363.
AFFIRMED.
All the Judges concur.