TYSON, Judge.
Mark Sawyer appeals from the revocation of his probation by the Circuit Court of Perry County, Alabama.
On April 11,1988, the appellant was originally charged with receiving stolen property in the second degree and with burglary in the third degree.
On December 19, 1988, after pleading guilty to the charge of third degree burglary, the appellant was given a seven-year split sentence. He was to serve three and one-half years and then be placed on supervised probation for five years.
On October 2, 1989, restitution was paid in full and the appellant’s sentence was suspended.
On April 28, 1990, the appellant was arrested for “unlawful possession of a controlled substance/cocaine.”
On June 14, 1990, a revocation hearing was held in which it was ordered that probation be revoked.
The appellant argues that three of the due process requirements in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), were not met: (1) written notice to the probationer of the claimed violation of probation; (2) disclosure to the probationer of evidence against him, and (3) a written statement by the judge as to the evidence relied on and the reasons for revoking probation.
The record reflects that on May 10, 1990, the appellant signed a probation violation notification form which indicated that he had been charged with a new offense: “unlawful possession of a controlled substance/cocaine” in violation of a parole condition. (CR 11)
In Smith v. State, 409 So.2d 1002 (Ala.Crim.App.1982), this court found a signed probation violation notification form to be adequate notice under Armstrong. Therefore, appellant’s first two contentions are without merit.
However, the trial judge’s order revoking probation does not contain a written statement as to the evidence relied upon that is required by Armstrong.
This cause is remanded with directions that the judge satisfy this deficiency in his written order of revocation. See Cryar v. State, 477 So.2d 506 (Ala.Crim.App.1985), and Jones v. State, 456 So.2d 1149 (Ala.Crim.App.1984). Due return shall be filed within 45 days from release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.