ON RETURN TO REMAND
TYSON, Judge.
On November 16, 1990, this court unanimously, with opinion, Sawyer v. State, 572 So.2d 1317 (Ala.Cr.App.1990), remanded this cause with directions to the circuit court to enter a more complete statement under Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), with reference to the revocation of this appellant’s probation. We also cited Cryar v. State, 477 So.2d 506 (Ala.Crim.App.1985), and Jones v. State, 456 So.2d 1149 (Ala.Crim.App.1984).
The Circuit Court of Perry County has now complied and filed its return which contains the following order:
“State of Alabama
“vs.
“Mark Sawyer “Defendant
“In the Circuit Court of Perry County, Alabama
“Case No. CC-90-07 “AMENDED
“JUDGMENT AND SENTENCING
“This day came the State of Alabama by and through its District Attorney and the Defendant in his/her own proper person accompanied by his/her attorney, and it appearing to the court that the Defendant heretofore was adjudged guilty on his/her plea to the offense of possession of cocaine, and pronouncement of judgment and sentence having been passed to this day pending, and the Defendant then and there having been asked if he/she had anything to say why judgment should not be pronounced and the sentence of law imposed upon him/her, and he/she saying nothing/ having made a statement to the Court and same having been duly considered, it is
“ORDERED and ADJUDGED by the Court that the said Defendant is guilty *702 of the offense of possession of cocaine to which he/she has previously pleaded guilty thereto/was found guilty by the jury, and it is the JUDGMENT and SENTENCE of the Court that said Defendant be and he/she is hereby sentenced to twelve (12) years concurrent with CC-88-02, Perry County, Ala. Defendant having applied for ‘Boot Camp’ and the court having heard statements of counsel, it is the opinion of the court that the application should be granted for a term of 180 days. Upon successful completion of the program, Defendant shall be returned to the custody of the Perry County Sheriff for purposes of a probation hearing and shall be placed on active supervised probation status. Failure to successfully complete the program shall result in Defendant serving the term imposed. “Done and Ordered this 16 day of November 1990.
“/s/ Charles A. Thigpen
“Circuit Judge”
The circuit court having entered its amended judgment and sentencing, and this court being of the opinion that the amended judgment is in proper order, this cause is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.