109 So.2d 145

Theodore **WILLIAMS**

v.

**STATE.**

**6 Div. 668.**

Court of Appeals of Alabama.

Feb. 17, 1959.

Ackerman & Sheffield, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment denying appellant's petition for release in a habeas corpus proceedings.

From the record it appears that in 1956 the appellant was convicted of burglary and sentenced to ten years imprisonment. The lower court granted suspension of sentence, and placed the appellant on probation for a period of ten years, with the usual conditions accompanying a grant of probation.

Thereafter the appellant was indicted for rape, and for assault with intent to rape, said indictments being for separate and distinct offenses against different alleged victims.

Appellant was tried on the rape indictment, and by a jury found not guilty.

Before his trial on the assault with intent to rape indictment proceedings were instituted to revoke appellant's probation.

The regularity of these proceedings is in nowise questioned. At the conclusion of the hearing the court entered an order revoking appellant's probation, and he was taken into custody. It was from this confinement that he sought release by habeas corpus.

At the revocation of probation hearing evidence was introduced tending to show that the appellant, during his probationary period, had been fired from two jobs for incompetency—in one instance because while working as a dishwasher he refused to wash kitchen ware, but would wash dishes only.

In addition evidence was introduced relative to the assault with intent to rape charge.

While it was shown that a nolle prosequi was entered as to the assault with intent to rape charge after appellant's probation was revoked, such nolle prosequi in nowise affected the probative value of the evidence of this misconduct, as such action in nowise was res adjudicata of the offense of assault with intent to rape, particularly since it was. not shown that appellant had ever been arraigned on such charge. See 14 Am.Jur., Crim.Law, Sec. 295.

It should be noted that in Section 24, Title 42, Code of Alabama 1940, relative to termination of probation, it is merely provided that: "Thereupon the court, after a hearing, may revoke the probation," etc. Thus no criterion, or measure, of the proof required to revoke a probation is set forth. Clearly, under such provision only a gross abuse of discretion on the part of the trial court in revoking a probation would justify our disturbing his conclusions.

Not only is there a lack of abuse of discretion disclosed by this record, but conversely, under the evidence introduced, the trial court very properly revoked appellant's probation.

Affirmed.