303 So.2d 156

**Aaron ENGLISH, alias**

**v.**

**STATE.**

**1 Div. 527.**

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

Ian F. Gaston, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

This appeal is from the revocation of probation. The appellant on March 26, 1973, entered a plea of guilty to grand larceny, was sentenced to a term of four years, and placed on probation for this period.

On October 1, 1973, the appellant was arrested by officers of the Mobile Police Department and charged with the possession of a pistol after a crime of violence. The district attorney then filed a motion in the instant appeal to revoke appellant's probation. Thereafter, this cause was heard in open court on March 15, 1974, with the appellant being represented by counsel, and continued for further hearing until May 16, 1974, when the hearing was completed and the cause taken under ad-

visement by the trial court. Finally, the appellant appeared with his attorney before the trial court on June 28, 1974, and on this occasion the probation was revoked. Appellant was directed to commence serving his four-year sentence as previously imposed.

I

The appellant argues that the revocation of probation in the instant case constitutes an abuse of discretion.

The original grant of probation by the trial court was a matter of grace entirely within its discretion. Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, and authorities therein cited.

The revocation in the instant case came after two hearings before the trial court, wherein evidence was adduced. The evidence in question, by the officers who arrested the appellant on October 1, 1973, on the Dauphin Island Parkway, indicated that on this occasion the vehicle belonged to the appellant, the appellant was the driver, and that he had no driver's license. Upon looking into the vehicle, the officers testified that they observed a pistol partially exposed under a scarf lying on the front seat in plain view. Upon removing the scarf, a twenty-two caliber pistol was revealed, and next to it was a blank pistol, called, "a son-of-a-gun." [R. p. 25]

The officers were thoroughly cross-examined by counsel, and appellant had originally requested that the trial court take the matter under advisement until the case involving the pistol was disposed of. This, the trial court did do originally, but subsequently following a hearing, revoked the appellant's probation. It is clear that such was in full compliance with the provisions of Title 42, Section 24, Code of Alabama 1940, and Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875, cert. denied 270 Ala. 737, 121 So.2d 881.

Moreover, it is permissible to have a hearing on a revocation of probation be-

fore conviction is had upon an independent offense. Dixon v. State, 42 Ala.App. 341, 164 So.2d 509.

We have carefully examined this record, and are of the opinion that the record fully sustains the action of the trial court in revoking probation. The initial burden of persuasion was met, and the appellant failed to counter same. Martin v. State, 46 Ala.App. 310, 241 So.2d 339; Holman v. State, 43 Ala.App. 509, 193 So. 2d 770, cert. denied 280 Ala. 714, 193 So.2d 773.

The trial judge was, under Title 42, Section 24, Code of Alabama 1940, confronted, not only with the issue of revocation vel non, but also whether to continue, extend, or terminate the period of probation. Buckelew v. State, 48 Ala.App. 418, 265 So.2d 202.

We find no error in the action of the trial court, and the judgment appealed from is due to be affirmed. Williams v. State, 40 Ala.App. 139, 109 So.2d 145; Armstrong v. State, 1974, 53 Ala.App. ——, —— So.2d ——, and cases herein cited.

Affirmed.

All the Judges concur.