JOSEPH J. MULLINS, Retired Circuit Judge.
This is an appeal from, the Circuit Court of Tuscaloosa County from two judgments revoking probations granted to the appellant, James Corley, in cases numbered 4714B and 6515B in the lower court.
On February 26, 1975 in case no. 4714B the appellant was duly convicted for receiving and concealing stolen property, and was sentenced to the penitentiary for 3 years and placed on probation for 8 years. On November 19, 1976 in case no. 6515B the appellant was duly convicted for burglary of a motor vehicle, and was sentenced to 7 years in the penitentiary and placed on probation for 8 years. On November 1, 1977 the following order was entered by the trial judge in eases nos. 4714B and 6515B:
.“It being made to appear to the Court that the probationer herein is delinquent as such, has violated the terms and conditions of probation, has absconded, has failed to make reports to probation officer, is reputed to have violated the criminal laws, has been idle and not gainfully employed, has been drinking intoxicating liquors and consorting with associates of bad repute and that a hearing should be had to determine whether probation herein should be revoked or other action taken by the Court. It is, therefore the order and judgment of the court and it is ordered and adjudged by the court that probationer herein is delinquent as such, and that probationer be, and hereby is, declared delinquent and that the running of probationer’s probationary period be and hereby is tolled and stopped and that capias and warrant forthwith issue for arrest of probationer and that when apprehended probationer be brought before the court for hearing for the determination of the truth of the charges made against probationer herein and what action should be taken by the court and whether probation herein should be revoked and order suspending sentence herein set aside.
Done and ordered this 1 day of November, 1977.
J. COLQUITT, JUDGE PRESIDING.”
On December 8, 1977 the appellant with his attorney appeared in open court and the court informed the appellant and his attorney of the charges against the appellant, *880 and that appellant had been declared a delinquent, and of his rights at a hearing to revoke his probation, and continued both cases at the request of the appellant, and again on February 2, 1978 the appellant with his attorney appeared in open court and the court informed the appellant and his attorney of additional charges against the appellant and of his rights at a hearing to revoke his' probation.
The appellant denied the charges in both cases and requested an evidentiary hearing, and the court set the cases down to be heard on February 22, 1978 at 9:00 A.M. o’clock.
On February 22, 1978 the appellant with his attorney appeared in open court on the hearing to revoke appellant’s probation in cases numbered 4714B and 6515B. The matters were heard together.
On the hearing state called 5 witnesses and offered evidence that Holiday Motors, situated in Tuscaloosa, Alabama, was broken into and a cash box containing one thousand thirty-one dollars and eighty-seven cents was stolen; that the cash box was kept in a closet in the cashier’s office, and that the appellant’s fingerprints were lifted from the outer door knob of the closet door. All the evidence given on the hearing was transcribed and is in the record in full and consumes about fifty-seven pages. The appellant was allowed to fully cross-examine all of state’s witnesses, and was advised of his right to, and given ample opportunity to procure evidence in his behalf but did not do so, and did not testify in his behalf.
At the conclusion of the hearing the court stated that it found sufficient evidence to reasonably satisfy it that the defendant has violated the terms and conditions of his probation by participation in and taking part in, and being suspected of or being the person who committed an alleged burglary of Holiday Motors while on probation and that in and of itself is sufficient justification for the court to revoke probation in cases numbered 4714B and 6515B and the same are hereby revoked, and that the defendant be given credit for time he has been in custody pending the hearing on revocation of probation.
The following judgment was entered in case nos. 4714B and 6515B:
“February 22, 1978. The question of alleged misconduct of probationer James Corley, alias, herein coming on to be heard in open Court on this date with probationer, and his attorney, Joel Chandler, present at this hearing after due notice thereof had been duly given to him, evidence taken and cause submitted and the court finding, and it being made to appear to the Court that said probationer has violated the terms and conditions of his probation herein since being placed on probation and is not being rehabilitated as hoped or contemplated by the law the Court is of the opinion that such probation should be revoked. It is, therefore, ordered and adjudged by the Court, and it is the order and judgment of the Court that said probationer James Corley, alias, has violated the terms and conditions of his probation and that the probation of probationer James Corley,- alias, herein be, and the same hereby is, revoked and that he serve his full sentence herein.
J. COLQUITT, JUDGE PRESIDING.
Pursuant to Act No. 58, Second Spec. Sess. 1975, Ala. Leg., it is ordered that the defendant be credited with all of his actual pre-sentence jail time. The Circuit Clerk is ordered to certify the actual time spent incarcerated pending trial as required by law.
This the 22 day of February, 1978.
J. COLQUITT, JUDGE PRESIDING.
February 22, 1978. Then came defendant in open court and appealed and gave Notice of Appeal of Revocation to the Court of Criminal Appeals of Alabama, and defendant’s said sentence is not suspended pending said appeal.
J. COLQUITT, JUDGE PRESIDING.”
We hold that the record fully supports the court’s judgments, and the court did not abuse its discretion in revoking appellant’s probation. Russell v. State, Ala.Cr.App., 359 So.2d 1165; Armstrong v. State, 294 *881 Ala. 100, 312 So.2d 620; Code Of Alabama, Recompiled 1958, Title 42, Sec. 24.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., dissents with opinion.