Wynn Everett Free brings this appeal from the judgment and order of the Circuit Court of Covington County finding him in violation of the conditions of his probation and revoking that probation. From the record it appears that in 1977 appellant was indicted in Covington County for the possession of marijuana in violation of the Alabama Uniform Controlled Substances Act, § 20-2-1, et seq., Code of Alabama 1975, and upon pleading guilty to the charge was sentenced by the trial court to serve three years in the state penitentiary. Appellant filed a timely request for probation, and after investigation the court *Page 858 
placed appellant on probation for a term of five years, provided that he serve the first six months of the term in the county jail and not breach certain conditions contained in the court's written order. The condition relevant to this appeal provided that appellant "not . . . violate any Federal or State laws or municipal ordinances" during the term of his probation.
It appears that, on March 16, 1980, appellant was arrested near the town of Loxley in Baldwin County and charged with reckless driving, driving while under the influence of narcotics and violating the Uniform Controlled Substances Act by being in possession of a quantity of marijuana. Pursuant to this sequence of events, on March 18, 1980, the probation officer for Covington County filed a written charge of delinquency against appellant in the Circuit Court of that county, setting forth the events of March 16 and requesting that appellant's probation be revoked. That court issued a writ of arrest for appellant for probable probation violation on March 20, and appellant was served with written notice of the charge against him while in the Baldwin County jail on March 21. Appellant signed the notice, which stated that a hearing would be held May 9, 1980. At the hearing on that date, several witnesses were called for both the State and appellant, and appellant, represented by counsel, was afforded the opportunity of examination and cross-examination of witnesses, and testified in his own behalf. The court, after the hearing, concluded in its written order that, based on the evidence presented at the hearing, appellant had indeed violated the condition relating to the violation of Federal and State laws through his arrest for violating the Controlled Substances Act, and ordered that appellant's probation be revoked.
The State's evidence, adduced primarily through the evidence of Officer Michael L. Gerard of the Loxley Police Department, tended to show that appellant was stopped by that officer on March 16, after appellant had run the officer off of a highway near Loxley. When appellant was finally pulled over, he got out of the car, and the officer observed that he was unsteady on his feet, that his speech was slurred and his eyes bloodshot. At this point appellant was arrested for driving while intoxicated. At the Robertsdale police station, appellant consented to an intoximeter test, which proved negative, and appellant was thus charged with driving under the influence of narcotics. He was informed of his rights, said he understood them, and signed a written consent in the presence of several officers for Officer Gerard to return to appellant's car, which had been left where it had been stopped, and search it. A search of the car disclosed the presence of marijuana, contained in a plastic bag and in a soft drink cup, and concealed beneath the front seat, and a large amount of money, similarly concealed. The officer confirmed that two other individuals riding with appellant had been left asleep in the car under the watch of the Loxley police chief. A further search of appellant's person revealed a Sucrets can containing traces of marijuana.
The testimony for appellant rested on several theories, and appellant claimed that a bad spot in the highway had caused his car to swerve in front of Officer Gerard's that night. He denied any knowledge of the marijuana, but claimed that it belonged to a companion in the car with him.
 I
Appellant contends that the trial court erred in revoking his probation, though we are somewhat unclear as to the grounds upon which this argument is based. Alternatively appellant seems to claim that he was not afforded a meaningful hearing or that there was no basis for the trial court's decision. As to the first branch of appellant's contentions, we have carefully examined the record, and find that the trial court fully complied with the requirements and guidelines for probation revocation as set forth in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975). Cf., Borst v. State, Ala.Cr.App.,377 So.2d 3 (1979) [no written statement as to evidence and reasons]; Austin v. State, Ala.Cr.App., *Page 859 375 So.2d 1295 (1979) [proceedings "wholly deficient" underArmstrong]; Levert v. State, Ala.Cr.App., 373 So.2d 1263 (1979) [insufficient evidence, no written statement as to evidence and reasons]; Corley v. State, Ala.Cr.App., 372 So.2d 879, petitiondismissed, Ala., 372 So.2d 881 (1979) [Bookout, J., dissenting]; Jenkins v. State, Ala.Cr.App., 368 So.2d 329
(1979) [no written statement as to evidence and reasons].
Likewise, we find that the decision of the trial court in revoking appellant's probation was wholly justified by the record, and therefore no abuse of discretion in this regard occurred. Although it is fairly clear that a "mere arrest" or the filing of charges in themselves would be insufficient grounds for the revocation of probation, see Hill v. State, Ala.Cr.App., 350 So.2d 716 (1977), and Bullock v. State, Ala.Cr.App., 392 So.2d 848 (1980), it is equally clear that neither our statute, § 15-22-54, Code of Alabama 1975, nor the Constitution requires a final conviction of probationer on the offense charged before his probation may be revoked. Fiorellav. State, 40 Ala. App. 587, 121 So.2d 875 (1960); Dixon v.State, 42 Ala. App. 341, 164 So.2d 509 (1964); English v. State,53 Ala. App. 656, 303 So.2d 156 (1974); United States v.Brugger, 549 F.2d 2 (7th Cir.), cert. denied, 431 U.S. 919,97 S.Ct. 2186, 53 L.Ed.2d 231 (1977); Kartman v. Parratt,535 F.2d 450 (8th Cir. 1976); United States v. Webster, 492 F.2d 1048
(D.C. Cir. 1974); Amaya v. Beto, 424 F.2d 363 (5th Cir. 1970);United States v. Markovich, 348 F.2d 238 (2d Cir. 1965). This stems from the recognition that a probation revocation proceeding is not criminal in nature, and therefore no formal trial is required nor is the court required to follow formal rules of evidence. Armstrong v. State, supra; Thompson v.State, Ala.Cr.App., 356 So.2d 757 (1978); Wright v. State, Ala.Cr.App., 349 So.2d 124 (1977). But while the standard of proof is not reasonable doubt or the preponderance of the evidence, Armstrong v. State, supra, "the State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." Hill v.State, supra; Fiorella v. State, supra.
Our examination of the record reveals that there was ample evidence from which the trial court could have reasonably held that appellant had breached the terms of his probation by violating the Uniform Controlled Substances Act, and thus we hold that the trial court did not abuse its inherent discretion in revoking appellant's probation. The order of the trial court is therefore
AFFIRMED.
All the Judges concur.