Willie E. Nicholson appeals from the judgment and order of the Circuit Court of Conecuh County revoking his probation.
 I
The record shows that on April 1, 1980, the appellant pled guilty to one indictment for cattle theft and for buying, receiving or concealing stolen property, one polled hereford cow, and to a second indictment for buying, receiving or concealing stolen property, sixteen hogs. He was sentenced to six years in the State penitentiary on each charge, the sentences to run concurrently. Probation was denied at that time. On March 13, 1981, the appellant was placed on probation for both convictions, to run for the remainder of his sentences, until April 29, 1986.
On May 5, 1982, appellant was arrested for possession of marijuana in violation of § 20-2-70, Code of Alabama 1975. On June 9, 1982, appellant's probation officer filed a written "Supervisor's Report on Delinquent Probation," alleging the May 5, 1982, possession of marijuana arrest and that the appellant had failed to file monthly reports and pay supervision fees. On August 5, 1982, a revocation hearing was held in the Conecuh County Circuit Court, the appellant being present and being represented by counsel. At the conclusion of the hearing, the trial court entered written findings and an order revoking appellant's probation for both convictions.
After information was received from an informant, Deputy Sheriff William Gibson stopped a car driven by the appellant. Deputy Gibson testified that he asked the appellant who owned the car and that the appellant stated that he was the owner. At the hearing before the trial court, the appellant testified that "it was my car." The appellant was searched by the Deputy Sheriff and no marijuana was found on him. A bag of marijuana was found lying between the legs of a passenger in the front seat, Jimmy Lee Richardson. Richardson was arrested and charged with possession of marijuana. A passenger in the back seat was searched. No marijuana was found on him and he was not arrested.
Deputy Sheriff Gibson testified that he searched the automobile and "the ash tray was open." He further testified, ". . . and the ash tray was open and in the ash tray I found two roaches — two smoked marijuana cigarettes." He then placed the appellant under arrest for possession of marijuana. The appellant testified that he did not know that Jimmy Richardson had marijuana in the car. The appellant further testified as follows:
 "Q. . . . Those marijuana cigarettes up there in the ash tray of the car, did you know about them?
 "A. No, sir. To my knowledge, there wasn't none in there.
"Q. Do you smoke?
"A. No, sir."
Further testimony of Deputy Sheriff Gibson was as follows:
 "Q. But you charged him [appellant] there as he was the driver of the automobile.
"A. Yes, sir, he was the driver."
Jimmy Richardson, the passenger in the front seat of appellant's car, testified that he pled guilty to possession of marijuana. He testified that he took breaks from his work during the day, went to appellant's car and smoked marijuana and placed the cigarettes in the ash tray. He was unable to say how many breaks he took or how many cigarettes he smoked in appellant's car. He further testified that any marijuana found in the car was his and that the appellant "didn't know about it."
 II
The appellant contends that no sufficient ground for revocation of probation *Page 1207 
existed because the State did not offer in evidence at the hearing the Order of Probation or the conditions of probation. Although the record does not show that the Order of Probation was formally offered in evidence, the order appears on page 36 of the record and again on page 62 of the record. The first condition stated in the Order of Probation is that the probationer "Do not violate any Federal, State or local law." The trial judge who signed the Order of Probation also conducted the probation revocation hearing. The Order of Probation contains the following statement bearing the signature of the probation officer: "A copy of this order has been delivered to the probationer, who has been instructed regarding same this (date) 3/26/81." And another statement on the Order of Probation is as follows: "The above instructions and conditions have been read and explained, and I hereby accept these conditions, agreeing to abide by them." A signature, "Willie E. Nicholson," appears under the last statement.
In the case of Free v. State, 392 So.2d 857, 859 (Ala.Cr.App. 1980), this court held that ". . . a probation revocation proceeding is not criminal in nature, and therefore no formal trial is required nor is the court required to follow formal rules of evidence."
Considering the entire record, we find no merit in the appellant's contention that the fact that the Order of Probation was not formally offered in evidence renders the revocation order defective.
 III
The appellant further contends that the evidence presented at the probation revocation hearing was not sufficient to reasonably satisfy the trial court that a condition of probation had been breached.
In Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623
(1975), the Supreme Court of Alabama observed:
 "It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated conditions of his probation. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)."
In the case of Free, supra, it is pointed out that while a "mere arrest" or the filing of charges themselves would be insufficient grounds for revocation of probation, it is equally clear that neither our statute nor the constitution requires a final conviction of probationer of the offense charged before his probation may be revoked. The court further stated: "But while the standard of proof is not reasonable doubt or the preponderance of the evidence, Armstrong v. State, supra, `the State must submit substantive evidence to reasonably satisfy the trier of the facts that a condition of probation has been breached.' Hill v. State, supra [350 So.2d 716 (Ala.Cr.App. 1977)]; Fiorella v. State, supra." 392 So.2d at 859.
Considering the entire record, including the evidence that marijuana cigarettes were found in the ash tray of the automobile owned and driven by the appellant, we are clear to the conclusion that there was adequate evidence from which the trial court could have reasonably held that the appellant had breached the terms of his probation. The judgment of the trial court revoking probation is affirmed.
The foregoing opinion was prepared by the Honorable THOMAS E. HUEY, Jr., Retired Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1208