We granted certiorari to review the Court of Criminal Appeals' reversal of a trial court order revoking Defendant's probation. The court, 485 So.2d 378, cited two grounds for reversal: 1) Conflict with Hollingsworth v. State,410 So.2d 133 (Ala.Cr.App. 1981), cert. quashed, 410 So.2d 134 (Ala. 1982); and 2) failure of the trial court to state in writing "the evidence relied on in revoking the probation," Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975). *Page 380 
Because the latter ground is not challenged by the State, we do not in this opinion consider that ground. We find, however, that the Court of Criminal Appeals' reliance upon Hollingsworth
(with respect to the first ground) is, under the instant circumstances, misplaced.
The State, pursuant to A.R.A.P. 39 (k), appropriately requested the Court of Criminal Appeals to make the following additional findings of fact. The Court of Criminal Appeals refused the request, so the following additional facts have been presented for this Court's consideration:
 "Goodrich followed Appellant out of the store and indicated he wanted to talk to him. Appellant continued walking to his car and when he got to the car Goodrich leaned on the door, preventing Appellant from opening it. When asked about the jacket Appellant tried to explain that at some point in time he was going to have it charged there, but then he threw the pouch back on the hood of the car and said it was a mistake. Next Appellant threw some money on the ground and said he was going to pay for it. Goodrich told them that he could not go back into the store. Appellant went to the open door of the store and threw the pouch inside and then he returned to his car until the police arrived.
 "Mr. Goodrich identified the individual who left the store with the pouch or nail apron as Appellant. He also testified that the value of the apron or pouch was $49.95."
". . . .
 "On February 8, 1985, Judge Braxton L. Kittrell, Jr., held a hearing concerning the revocation of Appellant's, John R. Powell's, probation. The state had filed a motion to revoke Appellant's probation based upon `new arrest for Theft of Property 3rd.'
 "During the course of this hearing the court heard testimony from Stephen Goodrich, an employee of Dismukes True Value Hardware. He testified that in early November of last year he saw Appellant standing in the aisle of the store. Appellant had on a jacket and `was taking a leather tool pouch, had folded it and put it under his jacket.' When Goodrich walked by, Appellant took the pouch out of his jacket and appeared to be examining it. Goodrich then walked down another parallel aisle and continued to watch Appellant. Appellant folded the pouch, put it under his jacket and began walking out of the store."
The requested findings of fact are amply supported by the evidence of record and materially distinguish the instant case from Hollingsworth. In Hollingsworth, the State sought to meet its burden of proving a probation violation by introducing a certified copy of Defendant's subsequent conviction for D.U.I. No evidence of the facts surrounding the defendant's criminal conduct was proffered. Under these circumstances, the appellate court in Hollingsworth correctly opined that the trial judge erred "in revoking probation without establishing that the accused either had counsel or intelligently waived counsel at the time of entering a plea of guilty [to the subsequently charged misdemeanor]."
As the supplemental facts in the instant case clearly reveal, the trial judge did not rely upon a copy of the record of Defendant's conviction as a basis for revoking probation; rather, at a due process hearing, he heard testimony from a witness who saw Defendant take property belonging to another without consent of the owner.
In Free v. State, 392 So.2d 857 (Ala.Cr.App. 1980), cert.denied, 392 So.2d 859 (Ala. 1981), the Court of Criminal Appeals stated that, although the mere arrest or filing of charges, standing alone, would be insufficient grounds for revoking probation,
 "[i]t is equally clear that neither our statute, § 15-22-54, Code of Alabama 1975, nor the Constitution requires a final conviction of probationer on the offense charged before his probation may be revoked. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960); Dixon v. State, 42 Ala. App. 341, 164 So.2d 509 (1964); English v. State, 53 Ala. App. 656, *Page 381 303 So.2d 156 (1974); United States v. Brugger, 549 F.2d 2 (7th Cir.), cert. denied, 431 J.S. 919, 97 S.Ct. 2186, 53 L.Ed.2d 231 (1977); Kartman v. Parratt, 535 F.2d 450 (8th Cir. 1976); United States v. Webster, 492 F.2d 1048 (D.C. Cir. 1974); Amaya v. Beto, 424 F.2d 363 (5th Cir. 1970); United States v. Markovich, 348 F.2d 238 (2d Cir. 1965)." Free v. State, 392 So.2d at 859.
We reaffirm Free, including its holding that the State is not bound to a standard of proof of reasonable doubt or the preponderance of the evidence; rather, "the State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." 392 So.2d at 859.
Proof that a defendant breached a condition of his probation by way of evidence that he engaged in criminal conduct, as opposed to a mere showing of a certified copy of the record of conviction, requires no further proof that he was represented by counsel or that he knowingly and intelligently waived counsel. Indeed, the State may elect to prove the alleged subsequent offense as a basis for probation revocation, and either pursue the prosecution of that offense at a later time or forgo its prosecution altogether.
As stated earlier, the Court of Criminal Appeals' reversal was based on two separate grounds. In its request for additional facts on application for rehearing, the State not only related the facts hereinabove set out, but also included a statement of the trial court's findings and its order revoking probation. Because the State failed to include in its petition for certiorari a request for review of this second ground, we pretermit any consideration of its validity. Nevertheless, we remand this case to the Court of Criminal Appeals for that court's reconsideration of the State's allegation relating to the requisite findings of fact in compliance with Armstrong v.State, supra.
REMANDED WITH INSTRUCTIONS.
All the Justices concur.