TAYLOR, Judge.
Camathan Baily[1] Carlton III was originally charged with criminally negligent homicide in the beating death of a game warden. After arraignment, but before any trial, the attorney general entered the case, the criminally negligent homicide charges were nol-prossed and Carlton was indicted for manslaughter under § 13A-6-3, Code of Alabama 1975. He was charged with beating an off-duty conservation officer to death with his fists. He then was granted treatment as a youthful offender and pleaded guilty pursuant to a written and signed plea-bargain agreement and after a full colloquy, on September 20, 1984. He was sentenced to one year’s imprisonment; the sentence was suspended, and he was placed on one year’s probation. A condition of his suspended sentence was that he spend seven weekends in the Lowndes County Jail.
A motion to revoke probation was filed on July 25, 1985, after Carlton was convicted in the Municipal Court of Montgomery, Alabama, of harassment and of driving under the influence of alcohol. Notice of the motion to revoke was served and a probation revocation hearing scheduled.
The motion to revoke probation stated, in pertinent part, as follows:
“4. The defendant Carnathan Bailey Carlton, III has violated the conditions of his probation by being arrested by the Montgomery Police Department on June 3,1985 at 4:15 a.m., and charged with the crimes of harassment and driving under the influence of alcohol. The defendant cursed and threatened the Montgomery police officers and stated that he was a killer and would stab the police officers in the back with a knife.
“....
“6. The defendant has shown on two separate occasions that he is of a violent nature and that he will attack police officers (see attached Exhibits A, B, and C).”
The charges contained in the above motion are the only ones Carlton had notice of.
At the revocation hearing in the Circuit Court of Lowndes County, the two Montgomery police officers who arrested Carlton appeared and testified to the facts of his driving under the influence and his threatening them.
*1000 The harassment charge was based on threats made by the appellant to the arresting officers that he would stab them in the back with a knife, that he was a cop killer, that he would get them, together with a profusion of the routine profanities and obscenities. The appellant tested harassment, the municipal judge sentenced him to 90 days in jail. He was sentenced to 10 days, suspended, and given a $250 fine on the DUI charge. He was also convicted of having an improper taillight and ordered to pay a small fine.
At the revocation hearing, appellant was represented by counsel; he testified in his own behalf, and presented character witnesses. Thereafter, the following order was entered:
“This cause came on to be heard on the State of Alabama’s motion to revoke the Defendant’s probation, the Probation Officer’s delinquency report and the testimony taken orally before the Court. Upon consideration of the same, the Court finds as follows:
“That the Defendant was placed on probation by this Court after pleading guilty as a youthful offender on September 20, 1984. That on May 10, 1985, the Defendant was found guilty of the offense of speeding in the District Court of Butler County, Alabama; that on June 3, 1985, the Defendant was arrested in the City of Montgomery, Alabama and charged with the offenses of harassment and D.U.I.; that the Defendant was later found guilty in the Montgomery Municipal Court of these offenses; that the Defendant has used alcoholic beverages excessively during his probationary period.
“The Court further finds that the Defendant or his attorney [was] furnished with proper notice of the date of the revocation hearing and the charges against the Defendant.
“Upon consideration of all of which, the Court is of the opinion that the Defendant’s probation should be revoked and the original sentence ordered to be served.
“It is, therefore, ORDERED AND ADJUDGED by the Court that the Defendant’s probation be and the same is hereby revoked and he is ORDERED to serve the original sentence. That the Defendant be given credit for the time previously served as a part of this sentence.
“It is further ORDERED by the Court that the Defendant surrender himself to the proper authorities on or before the 15th day of September, 1985.
“DONE this 5th day of September, 1985.”
Carlton appeals from that revocation order.
I
The accused and the state, represented by the attorney general’s office, had entered into a written sentencing agreement after negotiation. Their agreed sentence became the sentence imposed by the court: namely, imprisonment for a year, sentence then suspended, and appellant placed on a year of supervised probation, with seven weekends to be spent in the county jail. In his brief, appellant complains of alleged misconduct of the prosecutors regarding the violation of the confidentiality of the proceedings and, therefore, of the spirit of the Youthful Offender Act. He urges that their conduct was so improper as to deny him a fair trial. He offered into evidence quoted statements of the assistant attorneys general that they were “flabbergasted — shocked” at the leniency of the sentence. This is not the forum for such complaints.
II
When he pleaded guilty to a violation of the Youthful Offender Act, appellee contends, the appellant waived the right to assert any violation of his protection against double jeopardy, such as that which he now makes. It is not necessary however, to rely on waiver to address the former jeopardy question. No trial was ever commenced on the original charge of criminally negligent homicide. Consequently, jeopardy did not attach. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 *1001 L.Ed.2d 100 (1963); Collins v. State, 385 So.2d 1005 (Ala.1980); Spencer v. State, 48 Ala.App. 646, 266 So.2d 902 (1972).
III
Appellant next contends that the probation revocation is due to be reversed because the revocation order relied on a criminal charge in Montgomery Municipal Court which was subsequently dismissed by agreement.
At the revocation hearing, during cross-examination of the appellant, the following occurred:
“Q [By Mr. Montiel]: Now, you just stated to the Court that you kept your part of the bargain, Mr. Carlton. What part of the bargain did you keep, sir?
“A: Going to jail and being on a year’s probation.
"Q: All right. What were the conditions of your probation?
“A: That I was not to break the law. “Q: Did you remember something about behaving under good behavior, does that ring a bell?
“A: Mr. Waller just, he told me that I just could not break the law. If I got a traffic ticket he would hear about it."
The due process requirements of a probation revocation hearing are set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Those requirements are:
“1. Written notice to the probationer of the claimed violations of probation.
“2. Disclosure to the probationer of evidence against him or her.
“3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
“4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
“5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
“6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
“7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
“8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
“9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.”
The issue is whether an order revoking probation must be set aside when based in part on a conviction that is subsequently dismissed, reversed, voided, or vacated. The standard required for a probation revocation is not the same standard required for a criminal conviction. It is well settled that: “In a probation revocation hearing, the trial judge need only be reasonably satisfied from the evidence that the probationer has violated the condition of his probation.” Ringstaff v. State, 480 So.2d 50, 51 (Ala.Cr.App.1985); Mathis v. State, 477 So.2d 520 (Ala.Cr.App.1985); Salter v. State, 470 So.2d 1360 (Ala.Cr.App.1985).
“Proof beyond a reasonable doubt or the preponderance of the evidence are not the standards to be applied in determining whether probation should be revoked.” Moore v. State, 432 So.2d 552, 553 (Ala.Cr.App.1983); Rice v. State, 429 So.2d 686 (Ala.Cr.App.1983); Carter v. State, 389 So.2d 601 (Ala.Cr.App.1980).
*1002 “[G]rant of probation by the trial court [is] a matter of grace entirely within its discretion.” English v. State, 53 Ala.App. 656, 657, 303 So.2d 156 (1974). By virtue of the different burdens of proof placed on the state in probation revocation hearings, it is quite possible that probation may be revoked based on a set of facts where a criminal conviction based on the same set of facts cannot stand. “[A] proceeding to revoke probation is not a criminal prosecu-tion_” Bullock v. State, 392 So.2d 848, 851 (Ala.Cr.App.1980), cert. denied, 392 So.2d 852 (Ala.1981).
This court held in Williams v. State, 40 Ala.App. 139, 109 So.2d 145 (1959):
“While it was shown that a nolle prose-qui was entered as to the ... charge after appellant’s probation was revoked, such nolle prosequi in nowise affected the probative value of the evidence of this misconduct....”
It is not necessary that the charges upon which a probation revocation may be based eventually result in a final conviction.
“It is ... clear that no final conviction of a probationer on the offense charged is required before his probation may be revoked. [citations omitted] All that is required of the trial judge in a probation revocation hearing is that the court be reasonably satisfied therefrom of the truth of the charge.” Smith v. State, 445 So.2d 573, 575 (Ala.Cr.App.1984).
We hold, therefore, that probation may be revoked based on bad acts committed by the probationer, even though a criminal conviction based on the same conduct is subsequently dismissed, reversed, vacated, or nol-prossed.
In the instant case, we find that there was ample evidence to reasonably satisfy the trial court that appellant drove while intoxicated and committed harassment by threatening the arresting officers. The court could rely on the fact of the harassment as a basis for probation revocation, notwithstanding the subsequent disposition. The gravamen of the motion to revoke was the alleged bad acts, not the eventual outcome of the separate prosecution for the bad acts.
IV
Appellant Carlton further argues that the nolle prosequi of his first indictment was a judicial determination in his favor and precluded a second indictment on the grounds of former jeopardy.
The trial court was never called upon to rule on this question at the guilty plea proceeding. The guilty plea operated as a waiver of all non-jurisdictional matters. The question of double or former jeopardy is not before us.
V
Appellant argues that he was denied due process when the state attempted to add additional grounds for revocation during the revocation hearing itself. Appellant’s alleged use of marijuana and cocaine was offered at the hearing as additional grounds for revocation. As stated earlier, prior written notice to the probationer of the claimed violation is mandated by Armstrong, supra, as fundamental to due process. The trial court, however, in its order did not rely on or refer to these grounds, so no error occurred.
The trial court did mention in its order excessive use of alcohol, but this ground was implicit in a charge of DUI.
VI
Appellant also argues that the attorney general and his assistants are prohibited from representing the state in probation revocation rehearings because, he says, such proceedings are civil in nature. Appellant relies on § 36-15-15, Code of Alabama 1975, specifically, the following portion of that section:
“ ... nor shall the attorney general, or any assistant of the attorney general, or other person at the instance or request of the attorney general, be authorized to appear or in any way act in the name of the state in civil action or proceeding by or against any county or county officer in which the state of Alabama has no direct financial interest.”
*1003 This code section does not support appellant’s contention.
Further, probation revocation hearings are not civil proceedings. “[P]robation revocation hearings are not criminal prosecutions.... They are not, however, civil proceedings.” (Emphasis added.) Sheffield v. State, 445 So.2d 989, 991 (Ala.Cr.App.1984).
For the foregoing reasons, the order of the circuit court revoking probation is hereby affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., concurs in result only.

. "Baily" in the indictment, but "Bailey” in other documents.