BOWEN, Judge.
In November of 1987, Hugh Crowson pleaded guilty and was convicted of sexual misconduct in violation of Ala.Code 1975, § 13A-6-65. His sentence of 12 months of hard labor was suspended, and he was *190 placed on two years’ probation. As one of the special conditions of probation, Crow-son accepted and agreed to “participate in alcoholic drug treatment or other therapeutic programs when instructed to do so by [his] Probation Officer.” In March of 1989, Crowson’s probation was revoked for his violation of this special condition, and his original sentence of 12 months’ hard labor was reinstated. This appeal is from that revocation of probation.
I
Crowson argues that his probation revocation was based on evidence which violated Alabama’s psychologist-patient privilege found in Ala.Code 1975, § 34-26-2.
Crowson’s probation officer was Kathryn G. Preston. She testified at the probation revocation hearing that she instructed Crowson “to go to counseling at the Chil-ton — Shelby Mental Health Center.” Dr. Kenneth Warren was a clinical psychologist for the Chilton-Shelby Mental Health Center. In February of 1989, Dr. Warren informed Ms. Preston, by letter, that Crow-son had failed to keep an appointment, had not been in contact with the Center since his initial interview, and, that for those reasons, his case had been closed. This letter was admitted without objection as part of Ms. Preston’s delinquency report.
When Dr. Warren took the witness stand, defense counsel moved to strike the letter and objected to Dr. Warren’s testimony as to whether or not he had seen Crow-son at the Center, the instructions he had given Crowson regarding subsequent visits, and the questions regarding whether or not Crowson made “any statements regarding whether or not he would intend to keep his appointments.”
Over objection, the trial judge allowed Dr. Warren to testify that he saw Crowson on December 20, 1988; that he told Crow-son he would need to come in no less frequently than once every two weeks; that Crowson made a second appointment which he failed to keep; and that he had not seen Crowson since the first meeting in December.
At the conclusion of the hearing, the trial judge allowed Dr. Warren’s letter to remain in evidence because it had been admitted without objection. With regard to Dr. Warren’s testimony, the judge found that “any privilege which may have existed with regard to this probationer and his psychologist would have been waived by the probationer and he may not now maintain it in order to attempt to get around an order of probation which was set forth by the Court.”
Ala.Code 1975, § 34-26-2, provides:
“For the purpose of this chapter, the confidential relations and communications between licensed psychologists and licensed psychiatrists and clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.”
We hold that within the context of the granting or revocation of probation, where psychological counseling has been required as a condition of probation, the fact of whether or not the probationer is being treated or counseled by a psychologist as well as the fact of the probationer’s attendance or nonattendance at any counseling session is not a “confidential relation or communication” within the purview of § 34-26-2.
The psychologist-patient privilege is very similar to the attorney-client privilege. “[T]he general rule is that the rule making communications between attorney and client privileged from disclosure does not ordinarily apply where the inquiry is confined to the fact of the attorney’s employment, the name of the person employing him, and the terms of employment.” Harris v. State, 281 Ala. 622, 625, 206 So.2d 868 (1968). See also Ex parte Enzor, 270 Ala. 254, 260, 117 So.2d 361 (1960), discussing the general rule and the exception, “If the client ... had violated the law ... the identity of the client would be privileged.” “The relation of attorney and client cannot be used as a cloak to cover wrongdoing. The rule of privilege is defensive not offensive.” Ex parte Griffith, 278 Ala. 344, *191 351, 178 So.2d 169 (1965), cert. denied, 382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475 (1966).
Here, Crowson sought counseling at the direction of his probation officer pursuant to an order of the circuit court. Therefore, the fact of such counseling was not confidential. “The attorney-client [or psychologist-patient] privilege does not cover statements which are intended to be communicated to third persons.” C. Gamble, McElroy’s Alabama Evidence § 392.04 (3d ed. 1977). See also Crawford v. State, 377 So.2d 145, 157 (Ala.Cr.App.), affirmed, Ex parte Crawford, 377 So.2d 159 (Ala.1979), vacated on other grounds, 448 U.S. 904, 100 S.Ct. 3044, 65 L.Ed.2d 1134 (1980).
Moreover, by signing the order of probation which made counseling one of the conditions of probation, Crowson “accepted] these conditions, [and] agree[d] to abide by them.” By such acceptance, Crowson, in effect, waived any privilege he may have had with regard to the fact of psychological counseling.
The psychologist-patient privilege of § 34-26-2 is “intended to inspire confidence in the patient and encourage him in making a full disclosure to the [psychologist] as to his symptoms, and condition, by preventing the [psychologist] from making public information that would result in humiliation, embarrassment, or disgrace to the patient, and [is] thus designed to promote the efficacy of the [psychologist’s] advice or treatment.” Ex parte Rudder, 507 So.2d 411, 413 (Ala.1987). Where the defendant is ordered to seek psychological counseling as a condition of his probation, the intent and design of the statute are not frustrated by requiring disclosure of the fact of counseling. “[T]his psychiatrist [or psyehologist]-patient privilege may not in all cases be an impenetrable shield.” Rudder, 507 So.2d at 417. Here, fundamental social and judicial policy considerations in granting and revoking probation are paramount to and supersede any statutory privilege a probationer may have against the disclosure of the fact of his court-ordered psychological counseling.
Beyond all of the above, there exists a more basic and elementary reason for rejecting Crowson’s claim of privilege. Common sense and reason dictate that if psychological counseling is made a condition of probation, the court and the probation officer must have some means of determining whether or not that condition is being satisfied.
II
We reject the argument that even if Dr. Warren’s letter were properly admissible in evidence, the State failed to prove that further consultation was required.
Dr. Warren’s letter states, in effect, that Crowson failed to keep an appointment. Dr. Warren testified that he told Crowson that he “felt that he would need to come in no less frequently than once every two weeks.” The court’s revocation of probation was based on “the delinquency report which was admitted into evidence without objection, and the attached letter thereto, along with all the other evidence in this matter.” This evidence was more than sufficient to reasonably satisfy the judge that a condition of probation had been breached. Powell v. State, 485 So.2d 379, 381 (Ala.1986). The judgment of the circuit court revoking Crowson’s probation is affirmed.
AFFIRMED.
All Judges concur.