This is an appeal from a revocation of probation.
In October of 1988, Stanley Lamar Walker pleaded guilty and was convicted of burglary in the third degree. His five-year sentence was suspended and Walker was placed on probation. One of the conditions of probation was compliance with all state laws.
In February of 1989, a delinquency report was filed which charged Walker with the crime of receiving stolen property in the second degree. This charge involved a stolen microwave oven which Walker pawned at the Abel Pawn Shop on December 20, 1988.
A second delinquency report was filed in March of 1989, after Walker had been arrested and charged with receiving stolen property in the second degree. This charge involved not only the stolen microwave oven but also a clock radio and a certain gold chain which Walker had pawned at the A P Pawn Shop.
All the property had been stolen from Phyllis Seymour, whose residence in Saraland, Alabama, was burglarized on December 20, 1988. There was no testimony that Walker actually stole the property. Walker contended that he purchased the property on December 19 from "two guys" in a *Page 907 
truck who were moving furniture and other items. He allegedly purchased the $450 microwave oven for $50. All the property was pawned on December 20.
On this appeal, Walker argues that the evidence to support the revocation of his probation is insufficient. This is really an argument that the trial judge should have believed Walker's story that he purchased the stolen property without any knowledge that it was stolen.
The trial judge only had to find that Walker violated his probation to his "reasonable satisfaction," Armstrong v. State,294 Ala. 100, 312 So.2d 620, 623 (1975), and the standard of proof is not proof beyond a reasonable doubt or a preponderance of the evidence. Powell v. State, 485 So.2d 379 (Ala. 1986). The State was not required to "convict" Walker of the crime of receiving stolen property at the probation revocation hearing.
The unexplained possession of recently stolen property creates a rebuttable presumption that the possessor had knowledge that the property was stolen. Milam v. State,240 Ala. 314, 317, 198 So. 863 (1940); Eldridge v. State,415 So.2d 1190, 1192-95 (Ala.Cr.App. 1982); Ala. Code 1975, §13A-8-16(b)(2). "A defendant's explanation of his possession of recently stolen goods does not necessarily overcome this permissible inference of guilty knowledge because the trier of fact is entitled to judge the credibility of defendant's explanation and assign to the evidence whatever weight he believes it is entitled to." United States v. Spivey,508 F.2d 1061, 1063 (5th Cir. 1975). Here, the trial judge's reasons for rejecting Walker's explanation are evident.
The judgment of the circuit court revoking Walker's probation is affirmed.
AFFIRMED.
All Judges concur. *Page 1070