McMILLAN, Judge.
The appellant was serving a 15-year sentence of probation when he was charged with violating one of the conditions of his probation, specifically, committing a robbery. He was in. prison pending the trial on his robbery charge and, following the preliminary hearing thereon, a hearing was held in which his probation was revoked. This appeal stems from the appellant’s probation revocation hearing.
I
The appellant alleges that the State did not give him sufficient notice of the revocation hearing and, therefore, that he was unable to prepare an adequate defense. The record indicates that, at the probation revocation hearing, the appellant’s counsel insisted that he was not prepared and that because he did not represent the appellant at the preliminary hearing he did not have sufficient notice. The court stated that the appellant had already undergone a preliminary hearing notifying him of the charges against him and noted that the attorney who had represented the appellant at the preliminary hearing was present during the probation revocation hearing. The judge stated that, when probable cause was determined by the district judge at the preliminary hearing, the appellant was placed on notice that the court would then conduct a revocation hearing. According to § 15-22-54, Code of Alabama (1975), a person violating terms of his probation may be arrested upon is *474 suance of a warrant by the court or by a statement from the probation officer stating that the probationer has, in the officer’s judgment, violated the conditions of his probation. Upon either method of arrest, the probationer shall be placed “in the county jail or other appropriate place of detention until such probationer shall be brought before the court.” § 15-22-54(d). The probation officer must then report the arrest and detention to the court and file a written report to the court indicating how the probationer violated his probation. “Thereupon, the court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence.” § 15-22-54(d). This section does not require any notice of the hearing other than the probationer’s proper arrest and detention. See also Ward v. State, 527 So.2d 780, 782 (Ala.Cr.App.1988). Thus, the appellant’s arrest and preliminary hearing on the charge of robbery were sufficient notice of his probation revocation hearing.
II
The appellant argues that the facts presented by the prosecution were insufficient to warrant his revocation of probation. However, the record indicates that the State provided the testimony of a detective with the police department concerning the probationer’s commission of a robbery and the details thereof. “[T]he State may elect to prove the alleged subsequent offense as a basis for probation revocation, and either pursue the prosecution of that offense at a later time or forgo its prosecution altogether.” Powell v. State, 485 So.2d 379, 381 (Ala.1986). “[T]he State is not bound to a standard of proof of reasonable doubt or the preponderance of the evidence; rather, ‘the State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.’ ” Id., quoting Free v. State, 392 So.2d 857, 859 (Ala.Cr.App.1980), cert. denied, 392 So.2d 859 (Ala.1981), cert. denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850 (1981). Thus, as no final conviction is necessary for revoking probation, Smith v. State, 445 So.2d 573 (Ala.Cr.App.1984), and the State presented sufficient evidence that the probationer breached his conditions of probation by committing the crime of robbery, the trial court properly revoked the probationer’s probation.
AFFIRMED.
All the Judges concur.