The appellant, Byron D. Stanley, pleaded guilty to a charge of attempted murder and was sentenced to 15 years in the state penitentiary. Pursuant to the Split Sentence Act, the appellant served three years in the Frank Lee Youth Center and, upon his release, was to serve three years on supervised probation.
On September 13, 1990, a revocation hearing was held to consider whether the appellant's probation should be revoked and his initial 15-year sentence reinstated. Prior to the revocation hearing, the appellant's probation officer filed a delinquency report, alleging that the appellant had been charged with theft by deception in the first degree. At the revocation hearing, the only witness testifying in support of this charge was the probation officer. He testified as to statements made to him by the officer who had investigated the alleged theft and statements made to the officer by the owner of the business allegedly defrauded by the appellant. Neither the investigating officer nor the owner of the business testified. At the conclusion of this hearing, the appellant's probation was revoked. He raises two issues on appeal.
 I
The appellant first contends that he received no prior written notice of the parole violation presented at his revocation hearing. However, when the trial court asked if appellant's counsel had seen the report which set forth the alleged violation, he replied that he had. Therefore, this contention is not supported by the record.
 II
The appellant next contends that the minimum requirements for due process were not met with regard to the revocation of his probation. Specifically, he argues, that the trial court's decision to revoke his probation was based solely on hearsay testimony.
We have previously held that, while strict adherence to evidentiary formalities are not required in revocation proceedings, hearsay evidence may not form the sole basis of a revocation. Watkins v. State, 455 So.2d 160 (Ala.Cr.App. 1984). Further, "[a] probation officer's report standing alone, with no primary evidence to support it, cannot form the sole evidentiary basis for the revocation of probation." Mitchell v.State, 462 So.2d 740, 741 (Ala.Cr.App. 1984). See also Ex parteBelcher, 556 So.2d 366 (Ala. 1989).
In the present case, the record clearly indicates that the only evidence presented by the state at the revocation hearing was hearsay. Therefore, it was error for the trial court to rely solely on this evidence in revoking the appellant's probation.
We also note that in its revocation order, the trial court failed to include a written statement of the evidence relied upon in reaching its decision, as required by Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975). This court has determined *Page 1260 
previously that a written statement setting forth the substantive reasons relied upon by the court in revoking probation must be supplied to the probationer. Grimes v. State,579 So.2d 693 (Ala.Cr.App. 1991).
Therefore, the judgment of the circuit court revoking the appellant's probation is reversed and the cause remanded to the Circuit Court of Montgomery County.
REVERSED AND REMANDED.
All the Judges concur.