TAYLOR, Judge.
The appellant, Beverly Aday Whitson, was convicted in 1984 for theft of property in the second degree. In 1985, she was placed on probation for 10 years. In November 1990, the appellant was arrested *288 for public intoxication, for carrying a concealed weapon, and for disorderly conduct. The appellant was thereafter charged with violating the terms of her probation. After a hearing, the appellant’s probation was revoked. The instant appeal is a result of the revocation of the appellant’s probation.
The appellant contends that she was not afforded her due process rights guaranteed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The following minimum due process requirements must be met when revoking probation:
“ ‘ “(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a ‘neutral and detached’ hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.” Morrissey v. Brewer, supra [408 U.S.] at 489, 92 S.Ct. at 2604.’”
Grimes v. State, 579 So.2d 693, 694 (Ala.Cr.App.1991), quoting Gagnon.
The record reflects that the appellant was afforded her due process rights as guaranteed by Gagnon and Morrissey. The appellant was given notice of the charges against her one week prior to the revocation hearing. The appellant at the hearing waived a formal trial on the matter and allowed the State to submit the report, prepared by the Board of Pardons and Paroles, without objection. The appellant herself testified at the hearing and the trial court in its order stated the reasons it relied on in revoking probation. The appellant was not denied her constitutional right to due process of law.
The appellant also maintained that she should have been given a preliminary hearing prior to the revocation hearing.
“Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to a crime.... A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial.”
Buckelew v. State, 48 Ala.App. 418, 420, 265 So.2d 202, 204 (1972).
In the instant case, the appellant was given a formal hearing. It is not necessary in a probation revocation action that the appellant first have a preliminary hearing when a formal hearing is held.
The appellant next contends that there was insufficient evidence to revoke her probation. The evidence at the probation revocation hearing showed that on November 26, 1990, the appellant was involved in a fight with another female. Officer Hagwood, of the Town Creek Police Department, arrived at the apartment complex of the appellant and saw her and another female fighting in the middle of the parking lot. As he approached the females, the appellant had her hand in the right front pocket of her dress. Hagwood grabbed her hand out of her pocket and saw that she was holding a knife in her hand. When Hagwood attempted to take the knife from the appellant, he noticed a strong smell of alcohol. When he told the appellant that she was under arrest, she started- “cussing and screaming.”
The appellant herself testified at the hearing. She stated that she had a fight with her niece and that she had drunk two beers that evening. The appellant also stated that she had come to realize that she is an alcoholic and that she needs professional help.
There was sufficient evidence for the trial court to revoke the appellant’s probation. As Judge Bowen stated in Walker v. State, 552 So.2d 906 (Ala.Cr.App.1989):
“The trial judge only had to find that [the appellant] Walker violated his probation to his ‘reasonable satisfaction.’ Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623 (1975), and the standard of *289 proof is not proof beyond a reasonable doubt or a preponderance of the evidence. Powell v. State, 485 So.2d 379 (Ala.1986). The State was not required to ‘convict’ [the appellant] Walker of the crime ... at the probation revocation hearing.”
Walker, 552 So.2d at 907; See also Weaver v. State, 515 So.2d 79 (Ala.Cr.App.1987); Mathis v. State, 477 So.2d 520 (Ala.Cr.App.1985).
For the reasons stated above, the revocation of the appellant’s probation is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.