TAYLOR, Judge.
The appellant, Frank Mordía McCaskey, appeals from the revocation of his probation. In 1983, the appellant pleaded guilty to robbery in the second degree. He was sentenced under the split sentence act to 10 years in prison, with 1 year’s imprisonment and 5 years’ probation. In 1987, the appellant was charged with vehicular homicide and with failure to report to the court as ordered by the terms of his probation. The appellant was not formally arrested for purposes of his probation violation until 1989. After a probation hearing, McCas-key’s probation was revoked, and he was sent to prison to serve the remainder of his sentence.
The appellant initially contends that there was insufficient evidence to find that he had violated the terms of his probation. As this court stated in Carlton v. State, 507 So.2d 998 (Ala.Cr.App.1986):
“The standard required for a probation revocation is not the same standard required for a criminal conviction. It is well settled that: ‘In a probation revocation hearing, the trial judge need only be reasonably satisfied from the evidence that the probationer has violated the condition of his probation.’ ”
Carlton, 507 So.2d at 1001, citing Ringstaff v. State, 480 So.2d 50, 51 (Ala.Cr.App.1985). A hearing to revoke probation is not a “criminal prosecution.” Carlton, 507 So.2d at 1002.
The appellant’s probation officer testified at the hearing that he had never seen the appellant. The appellant was not reporting to the probation officer as ordered by the court. Furthermore, the probation officer’s report shows that the appellant was indicted for vehicular homicide in 1987.[1] The indictment charged that the appellant was driving on Interstate Highway 85 near the Court Street exit in Montgomery, when his car crossed the median and crashed into a vehicle in the opposite lane of traffic. The driver of the car, Marla Hassell, who was four months pregnant at the time of the accident, was killed as a result of injuries she sustained in the collision. Her four-year old daughter also died as a result of the injuries she sustained in the accident.
There was sufficient evidence before the court to “reasonably satisfy” the trial court that the appellant had violated the terms of his probation.
The appellant further argues that his probation should not have been revoked because he was not instructed on the conditions of his probation. As this court stated *792 in Moore v. State, 494 So.2d 198 (Ala.Cr.App.1986):
“The term ‘probation’ connotes that the probationer’s relief from the penalty of imprisonment is conditional on good behavior. 24 C.J.S. Criminal Law § 1752(2) (1961). The Supreme Court of Alabama held in Wilcox v. State, 395 So.2d 1054, 1056 (Ala.1981): .
“ ‘[A] condition implicit in every suspended or probationary sentence [is] that defendant, while under such sentence, will not commit another criminal offense.’ ”
Moore, 494 So.2d at 199.
Appellant further contends that the probation violation writ filed in 1987 was, as of the time of the probation hearing in 1989, a nullity since the period of his probation had automatically expired before the hearing. We disagree. Judge Bowen stated in Young v. State, 552 So.2d 879 (Ala.Cr.App.1989):
“ ‘[UJnder state law, the period of probation does not end until the probationer has satisfactorily fulfilled the conditions of his probation or [until] he receives a formal discharge from the trial court,’ Sherer v. State, 486 So.2d 1330, 1331 (Ala.Cr.App.1986); Hamilton v. State, 441 So.2d 1035, 1036 (Ala.Cr.App.1983). ‘Section 15-22-54(a) provides that the probation period “may be continued, extended or terminated; provided, that in no case ... shall the maximum probation period of a defendant guilty of a felony exceed five years’ ” Watkins v. State, 455 So.2d 160, 162-63 (Ala.Cr.App.1984) (emphasis added by the Watkins court). “ ‘[Probation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation.’ ” Watkins, 455 So.2d at 162; Hamilton, supra.”
Young, 552 So.2d at 880.
In the present case the record shows that the appellant had not been formally discharged from probation, he had not successfully completed his probation, and the maximum number of years in which to bring the action had not expired.
The appellant also argues that the court erred in not complying with Rule 27.6(c), A.R.Crim.P. This rule governs those situations where a defendant has admitted to violating the terms of his probation. This rule has no application in the instant case because the appellant did not admit to violating his probation.
For the foregoing reasons, the revocation of appellant’s probation is affirmed.
AFFIRMED.
All the Judges concur.

. At the time of the appellant’s probation revocation hearing in Jefferson County, there was an outstanding warrant for his arrest on a vehicular homicide charge in Montgomery County-