The appellant, Darryl Holcomb, pleaded guilty to possession of a forged instrument in the first degree, in violation of § 13A-9-2, Code of Alabama 1975. He was sentenced to one year and one day in the state penitentiary on October 19, 1992. This sentence was suspended and the appellant was placed on probation for two years.
On August 18, 1993, the trial court issued an order setting a probation revocation hearing. In that order, the appellant was advised that the following alleged violations would be considered as grounds for revocation:
 1. The failure to report to the probation officer as directed for the months of March, April, and May 1993.
 2. The failure to pay probation supervision fees as required by state law totaling $120.
 3. The theft of Lode Crenshaw's cellular phone on May 17, 1993.
On September 1, 1993, the trial court held a probation revocation hearing. At this hearing, the state's evidence tended to show that Edward Paulk, deputy fire marshal of the Alabama Department of Insurance, was investigating a house fire in which the owner of the house, Lode Crenshaw, had died. The investigation revealed that Mr. Crenshaw's cellular phone was missing from his car. Paulk subpoenaed all records on the cellular phone from Cellular One of Clanton, Alabama. The records led Mr. Paulk to the appellant. A search of the appellant's residence produced Mr. Crenshaw's cellular phone.
 I
The appellant contends that the evidence obtained by Paulk was inadmissible because it was seized as the result of an unlawful search. Specifically, he argues that the exclusionary rule would make the evidence inadmissible in a probation revocation hearing.
However, "[p]robation revocation . . . is not a stage of criminal prosecution." Gagnon v. Scarpelli,411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973). Strict adherence to the rules of evidence is not required in revocation proceedings. Stanley v. State,587 So.2d 1258 (Ala.Cr.App. 1991).
In Ex Parte Caffie, 516 So.2d 831, 835 (Ala. 1987), the Alabama Supreme Court stated:
 " 'The [exclusionary] rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons, United States v. Calandra, 414 U.S. [338] 348, 94 S.Ct. 613 [620], [38 L.Ed.2d 561 (1974)], and any extension of the rule beyond its traditional applicability makes sense only if use of the remedy would deter police misconduct.'
". . . .
 "The chance of achieving a deterrent effect in this case, through the application of the exclusionary rule to the probation revocation proceeding is 'speculative or marginal at best.' It is unrealistic to assume that application of this rule to probation revocation proceedings would significantly *Page 48 
further the goal of the exclusionary rule."
There are circumstances when police conduct may be so egregious that the invocation of the exclusionary rule would be necessary, i.e., where the acts of the police are illegal and are directed at the probationer because of his status or where the acts are illegal and shock the conscience of the court.Caffie, supra; see also United States v.Wiygul, 578 F.2d 577 (5th Cir. 1978).
In this case, the deputy fire marshal was not aware that the appellant was on probation when the evidence was seized. However, most of the other facts in this case are not sufficiently clear for the case to serve as precedential value. The appellant also signed a waiver of rights form and a consent to search form before the evidence was seized from his residence. Therefore, the exclusionary rule should not be applied to this case.
 II
The appellant also argues that the law should be that the charge of theft of property could not be considered during the revocation of probation hearing because he was not yet convicted of the crime. However, no final conviction of a subsequent crime is required before probation may be revoked.Washington v. State, 577 So.2d 473 (Ala.Cr.App. 1990);Sloan v. State, 574 So.2d 975 (Ala.Cr.App. 1990);Smith v. State, 445 So.2d 573 (Ala.Cr.App. 1984).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.